# **EXHIBIT J**

Herrn Dr. Christophe Bernasconi LL.M
First Secretary
Hague Conference on
Private International Law
Permanent Bureau
Scheveningsweg 6
2517 KT Den Haag
NIEDERLANDE

<u>Subject:</u>   Special Commission of the Hague Conference on Private International Law relating to the operation of the Hague Conventions on the Service of Documents, Taking of Evidence and Apostilles from 27 October to 4 November 2003
<u>here:</u>   Questionnaires

Dear Dr. Bernasconi,

Thank you very much for sending me the provisional version of the Practical Handbook on the Operation of the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters and the questionnaire accompanying the Hague Conventions on the areas of service of process, taking of evidence and document administration.

Germany welcomes the new version of the Handbook, as well as the convening of a Special Commission for the discussion of practical questions. To this end, I submit the following in response to the questionnaires which were sent to us:

**Hague Convention on the Service of Documents**

Questions 1 and 2 do not apply to Germany since they are directed only to non-Party States.

Question 3 – Central Authority

Concerning question 3.1:

The forms themselves (pre-printed portion) are subject to the provisions of Article 7 of the Convention.

Concerning 9.5:

Translations are not subject to any formalities such as legalisation or an *apostille*.

10. Timing

Concerning 10.1:

Within Germany, requests for service pursuant to the Hague Convention on the Service of Documents are usually processed within three months including shipping time.

Concerning 10.2:

There are considerable differences among the Member States in respect of processing time. Processing time from between 8 to 12 months are not uncommon in comparison with non-European foreign countries, including the United States of America. In comparison with Russia, processing periods of over 12 months have since occurred, which may possibly be attributable to the absence of a Central Authority.

Concerning 10.3:

Lengthy processing periods are in most cases not due to the Convention, but are attributable to structural problems in the receiving State. These problems could certainly be improved through an assessment of the work processes, then if necessary by improving personnel, financial and equipment provisions of the Central Authorities who are competent for receipt of process, as well as the those of the requesting agencies, and the reduction of steps in-between and a better and continued training of those agencies concerned in the receiving State. In isolated cases, an enquiry as to the status of the request has led to an acceleration of processing time. Compared to previous years, the trend is now toward acceleration of processing time.

11. Alternative transmission channels

Concerning 11.1:

Service of documents via German consular channels abroad acting with their own competency under Article 8 of the Convention is still used to a notable degree compared to other non-European States. On the whole, however, this channel is considered to be secondary, although still indispensable.

The diplomatic channel under Article 9 of the Convention is used regularly for service of documents on foreign States and foreign diplomats. This channel should continue to be used for service of documents on Germany.

Concerning 11.2:
Germany acts on the principle of service via officials and has objected to the use of postal channels under Article 10 a) of the Convention. Germany also objects to direct service under Article 10 b) of the Convention. German lawyers/solicitors are not authorised to effect service in Germany from abroad.

Concerning 11.4:
Finally, Germany also objects to direct service under Article 10 c) of the Convention.

12. Judicial and extrajudicial documents

Concerning 12.1:
German law makes a distinction between judicial and extrajudicial documents. Extrajudicial documents are, in particular, enforceable notary certification, notary charges invoices and declarations of intent (cf. section 132 of the German Civil Code - *Bürgerliches Gesetzbuch*), such as notices to quit. Extrajudicial documents are also served pursuant to the Convention.

Concerning 12.2:
We have no statistical data on the quantity of extrajudicial documents that make up the entire volume of services. However, this portion of the services would probably comprise less than five percent of the total volume.

13. Date of service

Concerning 13.1:
Germany uses the system of a uniform date of service. Decisive in this is not the transmission of the document to the Central Authority or to a court, but rather the date of the service itself, or otherwise the direct knowledge thereof on the part of the addressee. Compared to those States which use the date of the transmission of the document to an authority as the date of service, problems have arisen in certain cases where the date of the actual service on the addressee with reference to domestic law was not additionally specified on the documents.

Concerning 19.2:

The question does not apply to Germany.

Concerning 19.3:

The EU Service Regulation No. 1348/2000 prevails over Article 20(1) of the Convention in its scope of application. This has not given rise to any particular problems. In so far as, in certain cases, requests are received by Germany from EU Member States other than Denmark, these are generally sent back uncompleted with the indication of the possibility of submission of a new request pursuant to the EU Service Regulation.

Concerning 19.4:

This question does not apply.


Yours sincerely,

For the Federal Ministry of Justice,

Dr. Jastrow