ERIN E. SCHNEIDER (Cal. Bar No. 216114)
MONIQUE C. WINKLER (Cal. Bar No. 213031)
BERNARD B. SMYTH (Cal. Bar No. 217741)
 smythb@sec.gov
THOMAS J. EME (Ill. Bar No. 6224870)
 emet@sec.gov
DAVID ZHOU (NY Bar No. 4926523)
 zhoud@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JESSICA RICHMAN and ZACHARY APTE,<br><br>Defendants. | Case No. 21-cv-01911-CRB<br><br>**SECURITIES AND EXCHANGE COMMISSION'S REPLY IN SUPPORT OF ITS MOTION TO SERVE DEFENDANTS BY ALTERNATIVE MEANS**<br><br>Courtroom: 6, 17th Floor<br>Date: To Be Determined<br>Time: To Be Determined |

**INTRODUCTION**

As the Ninth Circuit stated in its seminal case on alternative service pursuant to Federal Rule of Civil Procedure 4(f)(3), "the Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Rio Properties Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). In their opposition to the SEC's Motion for Alternative Service ("SEC's Motion") (Dkt. No. 13), counsel for Defendants Zachary Apte and Jessica Richman – respectively, Covington & Burling LLP and Faegre Drinker Biddle & Reath LLP (together, "Defendants' Counsel") – do not contest that service of process on them would provide notice to Defendants of the SEC's action and an opportunity to respond. Indeed, their opposition suggests that they continue to be in communication with Defendants and that Defendants are well aware of the SEC's action against them. *See, e.g.*, Defendants' Counsel's Opposition to SEC's Motion to Serve Defendants by Alternative Means ("Opposition") (Dkt. No. 18) at 2:11-15 (describing Defendant Richman's continued care for health conditions) and 2:17-19 (acknowledging that Defendants received "Wells Notices" "advising them that the SEC staff had made a preliminary determination to recommend the Commission file charges against them").

Unable to contest that service upon them would satisfy the dictates of due process, Defendants' Counsel instead argue that, before an order permitting alternative service pursuant to Rule 4(f)(3) can be granted, the SEC must first exhaust other means of service on Defendants, including via letters rogatory, and that the SEC must demonstrate "urgency necessary to justify [the] request for alternative service." Opposition at 1:25-26. Each of Defendants' Counsel's arguments has been expressly rejected by the Ninth Circuit or is otherwise unsupported by law.

The Court should thus grant the SEC's Motion and enter an order pursuant to Federal Rule of Civil Procedure 4(f)(3), permitting the SEC to serve the summons and complaint by serving each Defendant's respective United States-based counsel. Below, the four arguments raised by Defendants' Counsel are addressed in the order in which they raised them.

# ARGUMENT

## I. Other Means of Service Need Not Be Exhausted Before Service Under Rule 4(f)(3) Is Allowed

Defendants' Counsel first argue that the SEC must seek to effectuate service pursuant to Rules 4(f)(1) and 4(f)(2) before alternative service is warranted. They make this argument without citation to authority. Moreover, that argument has been rejected by the Ninth Circuit. Indeed, "the Ninth Circuit has made clear that 'Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing.' *Rio*, 284 F.3d at 1015. That is, *there is no requirement that other means of service must be attempted before service under Rule 4(f)(3) is allowed*." *Allbirds, Inc. v. Giesswein Walkwaren AG*, 19 Civ. 5638 (BLF), 2019 WL 11216184, at *3 (N.D. Cal. Dec. 18, 2019) (citing *Xilinx, Inc. v. Godo Kaisha IP Bridge 1*, 246 F. Supp. 3d 1260, 1263 (N.D. Cal. 2017)) (emphasis added). Furthermore, their argument overlooks the circumstances of this case. Indeed, the SEC has already sought to serve Defendants pursuant to the Hague Convention (the SEC's service request was declined) after requesting Defendants waive service, which they declined to do.

## II. The SEC Need Not Attempt Service Via Letters Rogatory

Defendants' Counsel identify letters rogatory as the only particular means of service that the SEC should be required to attempt prior to being permitted to serve Defendants pursuant to Rule 4(f)(3). However, the Ninth Circuit has expressly stated that no such requirement exists:

> [Defendant] argues that Rule 4(f) should be read to create a hierarchy of preferred methods of service of process. [Defendant's] interpretation would require that a party attempt service by those methods enumerated in Rule 4(f)(2), *including by diplomatic channels and letters rogatory*, before petitioning the court for alternative relief under Rule 4(f)(3). *We find no support for [Defendant's] position. No such requirement is found in the Rule's text, implied by its structure, or even hinted at in the advisory committee notes.* By all indications, court-directed service under Rule 4(f)(3) is as favored as service under Rule 4(f)(1) or Rule 4(f)(2).

*Rio Properties*, 284 F.3d at 1014-15 (emphasis added). The law is clear – a plaintiff "is not required to attempt service via letters rogatory under Rule 4(f)(2) before requesting an order for substituted

1 service under Rule 4(f)(3)." *Allbirds*, 2019 WL 112161845, at *3 (granting motion to serve
2 defendant's U.S. counsel).

### III. Urgency Need Not Be Demonstrated to Permit Service Pursuant to Rule 4(f)(3)

Defendants' Counsel also argue that the SEC has failed to identify any "urgency that makes alternative service through Rule 4(f)(3) appropriate." Opposition at 4:10-11. But Defendants' Counsel notably fail to demonstrate that "urgency" is required to permit service pursuant to Rule 4(f)(3). It is not. *See Rio Properties*, 284 F.3d at 1016 (to obtain an order for alternative service, a plaintiff need only "demonstrate that the facts and circumstances of the present case necessitated the district court's intervention").

Despite their mistaken rendition of the prerequisites for service under Rule 4(f)(3), the Opposition actually serves to highlight the need for prompt service here. Defendants' Counsel acknowledge that Defendants have transferred funds from the United States to Germany, effectively out of reach of the Court. *See* Opposition at 5:22-24 and 6:2-3. As Defendants' Counsel provide no indication that their clients intend to return to the United States, such transfers are likely to continue, further dissipating assets that might otherwise be available to satisfy an ultimate judgment in this case. Moreover, the SEC seeks important injunctive relief here, such as orders prohibiting the type of conduct alleged to have occurred and prohibiting the Defendants from serving in similar roles, and is entitled to pursue its case as expeditiously as possible.

### IV. Service Upon Defendants' Domestic Counsel Is Appropriate

Finally, Defendants' Counsel argue that service upon a defendant's counsel is inappropriate where the counsel is not authorized to accept service on behalf of the defendant. Yet, as noted in the SEC's Motion, courts have endorsed service on domestic counsel as an appropriate means of service pursuant to Rule 4(f)(3). *See* SEC's Motion at 6:22-7:2. That includes service on counsel that has not been authorized to accept service on a defendant's behalf. *See Allbirds*, 2019 WL 112161845, at *1 (granting motion to serve defendant's U.S. counsel, which had previously "informed [plaintiff] that it had not been retained by [defendant] for this case and was not authorized to accept service"); *SEC v. Jammin Java Corp.*, No. 15 Civ. 8921, 2016 WL 6650849, at *2 (C.D. Cal. Apr. 21, 2016) ("that domestic counsel has not been authorized to accept service by a foreign defendant does not mean

service upon them violates due process") (citing *Feyko v. Yuhe Int'l, Inc.*, 11 Civ. 5511, 2013 WL 5142362, at *1 (C.D. Cal. Sept. 12, 2013)). Of course, to suggest otherwise would simply empower a defendant to decide whether and how he or she is to be served, without regard to the dictate that service upon a defendant be reasonably calculated to provide notice and an opportunity to respond.

Defendants' Counsel cite three decades-old, out-of-Circuit cases in support of their argument that "a plaintiff cannot bypass the enumerated methods of service set forth in Rule 4 simply by serving a complaint on a defendant's prospective counsel." Opposition at 7:5-14. Not only do the cases lack precedential value, but none involved *international* service pursuant to Rule 4(f). *See Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092 (2d Cir. 1990) (overruling district court opinion that dismissed action to timely serve defendant in domestic breach of contract case); *Schultz v. Schultz*, 436 F.2d 635 (7th Cir. 1971) (involving claims related to domestic divorce dispute); *Schwarz v. Thomas*, 222 F.2d 305 (D.C. Cir. 1955) (involving domestic breach of contract claims). In addition, Defendants' Counsel's citation to *Santos* misstates the holding in the case. Defendants' Counsel quote the Second Circuit's citation of the district court opinion that found "[s]ince service of process on an attorney not authorized to accept service for his client is ineffective, … delivery was not sufficient to effect service on [defendant]." Opposition at 7:7-9 (quoting *Santos*, 902 F.2d at 1094). However, the Second Circuit vacated the district court's opinion to which it cited, finding that the defendant had waived the right to challenge the sufficiency of service and that the district court should not have dismissed the complaint for failure to timely serve defendant. *Santos*, 902 F.2d at 1096. Thus, even the cases cited by Defendants' Counsel offer little to advance their argument. Accordingly, alternative service upon Defendants' Counsel is appropriate here.

## CONCLUSION

For the foregoing reasons and those set forth in the SEC's Motion, the Commission requests that the Court issue an Order permitting the SEC to effect service of process pursuant to Federal Rule of Civil Procedure 4(f)(3) by serving a copy of the complaint and summons on Defendants' respective United States counsel via personal service and electronic mail.

Dated: July 1, 2021                              Respectfully submitted,

/s/ Bernard B. Smyth
Bernard B. Smyth
David Zhou
Thomas J. Eme
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION