1  W. DOUGLAS SPRAGUE (Cal. Bar No. 202121)
   DAVID JUNG (Cal. Bar No. 314508)
2  RAINA BHATT (Cal. Bar No. 319435)
   COVINGTON & BURLING LLP
3  415 Mission Street, Suite 5400
   San Francisco, CA 94105-2533
4
   JOEL M. HAMMERMAN (*Pro Hac Vice*)
5  JOSHUA P. MAHONEY (*Pro Hac Vice*)
   SOPHIE H. GOTLIEB (*Pro Hac Vice*)
6  TARIFA LADDON (Cal. Bar No. 240419)
   FAEGRE DRINKER BIDDLE & REATH, LLP
7  1800 Century Park East, Suite 1500
   Los Angeles, California 90067
8
   Attorneys for Defendants
9  ZACHARY APTE and JESSICA RICHMAN

10

11              **UNITED STATES DISTRICT COURT**

12            **NORTHERN DISTRICT OF CALIFORNIA**

13               **SAN FRANCISCO DIVISION**

14

15  SECURITIES AND EXCHANGE          Case No. 21-CV-01911-CRB
    COMMISSION,
16                                   **MOTION TO QUASH NON-PARTY**
                    Plaintiff,       **SUBPOENAS *DUCES TECUM* AND**
17                                   **FOR A PROTECTIVE ORDER**
         v.
18                                   Date:       TBD
                                     Time:       TBD
19  JESSICA RICHMAN and ZACHARY APTE, Courtroom: 6, 17th Floor
                                     Judge:      Hon. Charles R. Breyer
                    Defendants.
20

21

22

23

24

25

26

27

28

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF CONTENTS

**Page**

I.  SUMMARY OF ARGUMENT ................................................................. 1

II.  BACKGROUND ................................................................................. 2

    A.  The Complaint ................................................................................. 2

    B.  The SEC's 2019 Administrative Subpoenas ..................................... 3

    C.  The Subpoenas *Duces Tecum* to Be Quashed ................................. 4

III.  ARGUMENT ...................................................................................... 6

    A.  The Subpoenas Are Unenforceable Under Federal Rules 26 and 45. .................. 7

    B.  The Subpoenas Seek Information That Is Duplicative of The Records Previously Subpoenaed By The SEC. .............................. 9

IV.  CONCLUSION ................................................................................. 11

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO QUASH NON-PARTY SUBPOENAS
*DUCES TECUM* AND FOR A PROTECTIVE ORDER

- i -

CASE NO. 21-CV-01911-CRB

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*City of San Jose v. JUM Global LLC,*
    16-CV-01462-VKD, 2018 WL 4520981 (N.D. Cal. Sept. 21, 2018)...........................*passim*

*Hunt v. S.E.C.,*
    520 F. Supp. 580 (N.D. Tex. 1981)...................................................................................10

*Knoll, Inc. v. Moderno, Inc.,*
    No. 12-CV-80193-MISC SI, 2012 WL 4466543 (N.D. Cal. Sept. 26, 2012)..........................7

*Koh v. S.C. Johnson & Son, Inc.,*
    No. C09-00927 RMW, 2011 WL 940227 (N.D. Cal. Feb. 18, 2011)................................8, 9

*In re REMEC, Inc. Sec. Litig.,*
    No. 04-CV-1948 JLS (AJB), 2008 WL 2282647 (S.D. Cal. May 30, 2008)..........................7

*S.E.C. v. Laura,*
    18-CV-5075-NGG (VMS), 2020 WL 5152873 (E.D.N.Y. Aug. 31, 2020) ........................8, 9

*S.E.C. v. Richman, et al.,*
    Case No. 21-cv-01911, Dkt. 1 (N.D. Cal. March 18, 2021)...................................................2

*Simmons v. Morgan Stanley Smith Barney, LLC,*
    No. 11-CV-2889-WQH MDD, 2013 WL 310330 (S.D. Cal. Jan. 25, 2013)..........................7

*Springbrook Lenders v. Nw. Nat'l. Ins. Co.,*
    121 F.R.D. 679 (N.D. Cal. 1988)........................................................................................7

*Unsworth v. Musk,*
    No. 19-MC-80224-JSC, 2019 WL 5550060 (N.D. Cal. Oct. 28, 2019)..................................6

STATUTES, RULES & REGULATIONS

12 U.S.C. § 3402 (Federal Right to Financial Privacy Act)................................................2, 4, 10

Fed. R. Civ. P. 9(b)................................................................................................................4

Fed. R. Civ. P. 12(b)(6) .........................................................................................................4

Fed. R. Civ. P. 26 .........................................................................................................*passim*

Fed. R. Civ. P. 45 .........................................................................................................*passim*

Rule 10b-5 ............................................................................................................................2

Securities Act of 1933 § 10(b)...............................................................................................2

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO QUASH NON-PARTY SUBPOENAS
*DUCES TECUM* AND FOR A PROTECTIVE ORDER
- ii -
CASE NO. 21-CV-01911-CRB

Securities Act of 1933 § 17(a)..................................................................................2

Securities Exchange Act of 1934 § 10(b)...................................................................2

**OTHER AUTHORITIES**

9A Wright & Miller, Fed. Prac. & Proc. § 2459 (3d. 2008) .......................................7

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO QUASH NON-PARTY SUBPOENAS
*DUCES TECUM* AND FOR A PROTECTIVE ORDER

- iii -

CASE NO. 21-CV-01911-CRB

1    Defendants JESSICA RICHMAN, by her counsel, FAEGRE DRINKER BIDDLE &

2    REATH, LLP, and ZACHARY APTE, by his counsel COVINGTON & BURLING, LLP, pursuant

3    to Federal Rules of Civil Procedure 26(b)(1), 26(c), and 45, respectfully submit this MOTION TO

4    QUASH NON-PARTY SUBPOENAS *DUCES TECUM* AND FOR A PROTECTIVE ORDER.

5    The subpoenas seek information that is irrelevant to the Securities and Exchange Commission's

6    claims and are duplicative of information the SEC has already obtained through administrative

7    subpoenas.[1]

8    ## I.    SUMMARY OF ARGUMENT

9        Defendants Dr. Jessica Richman and Dr. Zachary Apte respectfully move the Court to quash

10   three subpoenas *duces tecum* issued by the SEC on nonparty financial entities: (1) Bank of

11   America, N.A.; (2) JPMorgan Chase Bank, N.A.; and (3) Fidelity Brokerage Services LLC.  *See*

12   Exs. A-C, (collectively, the "Subpoenas").  The SEC served the Subpoenas pursuant to Federal

13   Rules of Civil Procedure 26 and 45, seeking confidential financial information concerning Dr.

14   Richman and Dr. Apte that is irrelevant to the SEC's claims.

15       Rule 45 subpoenas are subject to Rule 26(b)(1)'s overriding relevancy requirement, and the

16   Subpoenas do not satisfy that standard.  The Subpoenas seek information that is wholly irrelevant

17   to the SEC's claims in this case, including bank records that postdate the Defendants' allegedly

18   fraudulent conduct underlying those claims.  The Subpoenas call for Defendants' personal and

19   confidential financial records for *the three years following* the conclusion of their alleged securities

20   law violations.  The Subpoenas further seek financial records of two limited liability companies—

21   Petrichor Properties, LLC and Amplicon Properties, LLC—that are not referenced in the Complaint

22   and have no apparent connection to the SEC's securities fraud allegations whatsoever.  Finally, to

23   the extent that the subpoenas seek financial information that is contemporaneous with the

24   Complaint's allegations, the SEC already has *that same information*, having issued administrative

25   subpoenas for the exact same banking information almost two years ago.  In fact, the SEC attached

26

27   [1] The undersigned counsel for Dr. Richman hereby certifies that Defendants' counsel met and
     conferred with counsel for the SEC on September 13, 2021, to discuss the issues raised in this
28   motion.  Despite good-faith efforts, the parties were unable to reach a resolution of their dispute.
     *See* Ex. H, Declaration of Joel M. Hammerman.

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO QUASH NON-PARTY SUBPOENAS
*DUCES TECUM* AND FOR A PROTECTIVE ORDER
- 1 -
CASE NO. 21-CV-01911-CRB

1   copies of the some of the same bank records sought by the Subpoenas to their pleadings in this

2   case.

3       Rules 26 and 45 do not permit roving, irrelevant discovery into parties' financial affairs or

4   allow for a party to seek duplicative information it already has in its possession as a means to turn

5   irrelevant, improper requests into nominally justifiable ones.  The Court should quash the three

6   non-party Subpoenas and issue a protective order precluding the SEC from reviewing any of the

7   records obtained from Bank of America.

8   **II.     BACKGROUND**

9       **A.     The Complaint**

10      The SEC filed this securities fraud action against Defendants on March 18, 2021, alleging

11  that Dr. Richman and Dr. Apte violated Section 17(a) of the Securities Act of 1933, Section 10(b)

12  of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder, by soliciting investment in

13  uBiome, a microbial genomics science company, in connection with a Series C investment offering

14  that occurred during the summer of 2018.  *See generally*, Dkt. 1, Compl. ¶¶ 1, 28.[2]  In particular,

15  the Complaint alleges that the Defendants misled and/or failed to advise investors of certain

16  purportedly improper uBiome business practices.  According to the Complaint, the Series C funding

17  round concluded in September 2018, uBiome's allegedly improper business practices ceased in

18  April 2019 following the execution of a search warrant at uBiome, and Dr. Richman and Dr. Apte

19  were separated from the company in June 2019  Compl. ¶¶ 4, 45.  The Complaint seeks civil

20  monetary penalties, disgorgement, and injunctive relief.  *Id.*, Prayer for Relief.[3]

21      The Defendants have moved to dismiss the Complaint pursuant to Federal Rules of Civil

22  Procedure 9(b) and 12(b)(6) because the SEC's fraud allegations fail to meet the heightened

23  pleading standards required by Rule 9(b) and fail to allege the requisite elements of securities fraud.

24

25  [2] Citations to the Complaint in this case, *S.E.C. v. Richman, et al.*, Case No. 21-cv-01911, Dkt. 1 (N.D. Cal. March 18, 2021), are referenced as "Compl."

26  [3] In particular, the SEC's Complaint seeks: (1) "an order permanently enjoining Defendants from directly or indirectly violating" the securities laws; (2) "an order permanently enjoining Defendants from directly or indirectly . . . participating in the issuance, purchase, offer, or sale of any security;" (3) "an order requiring Defendants to disgorge all ill-gotten gains or unjust enrichment derived from the activities set forth in this complaint;" and (4) orders requiring Defendants to pay civil penalties under the Securities Exchange Act and Securities Act.  *Id.*

27

28

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   *See* Dkt. 38.

2       **B.**    **The SEC's 2019 Administrative Subpoenas**

3       On November 25, 2019, and December 10, 2019, the SEC sent Right to Financial Privacy

4   Act notices to Dr. Apte and Dr. Richman, respectively, advising them that the agency had served

5   administrative subpoenas on Bank of America and JPMorgan Chase—two of the three recipients

6   of the Subpoenas *duces tecum* that are at issue in this Motion**.**  *See* Ex. D, Notice of Investigative

7   Subpoenas to Dr. Apte, and Ex. E, Notice of Investigative Subpoenas to Dr. Richman (collectively,

8   the "Prior Administrative Subpoenas").  Those Prior Administrative Subpoenas commanded Bank

9   of America and JPMorgan Chase to: "Produce all Documents . . . for the Relevant Period

10  concerning any account in the name of" Dr. Apte and Dr. Richman.  *See* Exs. D & E (emphasis

11  omitted).  The Prior Administrative Subpoenas defined "Documents" to include:

12          a. any written, printed, or typed matter including, but not limited to

13          all drafts and copies bearing notations or marks not found in the
        original, letters and correspondence, interoffice communications,

14          slips, tickets, records, worksheets, financial records; accounting
        documents, bookkeeping documents, memoranda, reports, manuals,

15          telephone logs, facsimiles, messages of any type, telephone
        messages, text messages, voice mails, tape recordings, notices,

16          instructions, minutes, summaries, notes of meetings, file folder
        markings, and any other organizational indicia, purchase orders,

17          information recorded by photographic process, including microfilm
        and microfiche, computer printouts, spreadsheets, and other

18          electronically stored information, including but not limited to
        writings, drawings, graphs, charts, photographs, sound recordings,

19          images, and other data or data compilations that are stored in any
        medium from which information can be retrieved, obtained,

20          manipulated, or translated.

21          b. Account opening documents, including Know Your Customer
        ("KYC")/Customer Identification Program (CIP) or Enhanced Due

22          Diligence ("EDD") documents (e.g. copies of IDs such as driver's
        license or passport, opening application, Corporate resolutions)

23          c. All signature cards or other forms of authorizations regardless of

24          earliest available date, regardless of when created, prepared,
        received, or otherwise obtained

25          d. All Power of Attorney of fiduciary-type documents (giving
        assignment of control or custody of accounts to a third party)

26

27          e. Monthly bank account statements

28          f. An electronic file of all account transaction data in either MS Excel
        spreadsheet file format or in a Delimited Text ale format with a

Faegre Drinker
Biddle & Reath LLP
Attorneys at Law
San Francisco

preferred pipe ("I") delimiter, to the extent that you can reasonably do so

g.   Copies of deposits and checks (back and front) drawn on the accounts, including deposit .and withdrawal slips, debit and credit tickets, deposit and withdrawal slips

h.   Wire transfer, ACH and EFT support (including wire authorization and confirmation forms and any communication with authorized account holders)

i.  Support for all cashier's checks, money orders and certified checks (including copies of the checks and cash in/out tickets)

j.  Cash transaction reports (to support any cash in/out transactions)

k.   Documents associated with extensions of lines of credit or loans (including loan applications or agreements, overdraft applications, guarantees, financial statements, security agreements, collateral pledges, promissory notes)

l.   Safety deposit box information (including opening documents, rental applications and visitor's logs)

m.   Communications between bank personnel (such as bank tellers or managers) and the accountholder and its signatories

n.   All Documents sufficient to show online access to the accounts identified above including date, time, session length, transactions occurring during online session, and the IP address used to access the account for each session

Exs. D & E.  The Prior Administrative Subpoenas defined the "Relevant Period" as "the time period beginning January 1, 2016, and continuing through the present, unless otherwise specified." *Id.* (emphasis omitted).  Although Defendants received notice of these Prior Administrative Subpoenas in November and December 2019, they did not receive any subsequent notice of additional or updated administrative subpoenas pursuant to the Federal Right to Financial Privacy Act, 12 U.S.C. § 3402.

**C.      The Subpoenas *Duces Tecum* to Be Quashed**

The SEC served its Subpoenas on September 2, 2021.[4]  The Subpoenas served on Bank of America and JPMorgan Chase require the production of "all documents . . . from July 1, 2018 to the present [*i.e.*, September 2, 2021] concerning any bank account or credit card account in the

---

[4] The SEC also served a fourth nonparty subpoena to a financial institution but has agreed to withdraw it and discard any materials obtained in response thereto.  *See* Ex. H.

Faegre Drinker
Biddle & Reath LLP
Attorneys at Law
San Francisco

Motion to Quash Non-Party Subpoenas
*Duces Tecum* and for a Protective Order                - 4 -                Case No. 21-CV-01911-CRB

name of" Dr. Richman, Dr. Apte, Petrichor Properties, LLC, or Amplicon Properties, LLC.  Exs. A-B (emphasis omitted).  The Subpoenas define the documents to be produced as:

1.   All monthly or other periodic account statements;

2.   If available, an electronic record, preferably in Excel format, that reflects all account transactions;

3.   Electronic images of all supporting documents for all account transactions in the monthly account statements including, but not limited to, the following: canceled checks (front and back); deposit slips and copies of the deposit items listed on the deposit slips; debit and credit notices; drafts of all manner; cashier's checks; official checks; money orders; certified checks; electronic fund transfer notices; wire transfer advices/notices and wire transfer instructions (including authorizations, memoranda, and confirmations);

4.   All documents and communications sufficient to identify all extensions of credit information including, but not limited to, the following: promissory notes; loan applications or agreements (including bank card and overdraft applications or agreements); guarantees; letters of credit; financial statements; security agreements; and collateral pledges;

5.   Any memoranda, account notes, or other similar documents summarizing or memorializing calls or conversations between [bank] and Jessica Richman or Zachary Apte;

6.   All documents and communications (including emails) between [bank] and the account holders or signatories; and

7.   All documents sufficient to show online access to the accounts identified above including date, time, session length, transactions occurring during online session, and the ISP address used to access the account for each session.

Exs. A-B.[5]  The SEC has advised Defendants that it has already received certain documents produced by Bank of America, but that the SEC has not yet reviewed those documents.[6]

---

[5] The Subpoenas further direct the production of the following information, "regardless of time period":

1.   Account opening documents including, but not limited to, new account applications and attachments or exhibits thereto, corporate or partnership resolutions, and all signature cards, regardless of when created, prepared, received, or otherwise obtained; and

2.   All documents sufficient to identify safety deposit boxes.

Exs. A-B.

[6] Defendants agreed to provide the SEC a letter by September 15, 2021, outlining Defendants' position regarding why the SEC should not review those materials while this motion is pending. The SEC, in turn, has agreed not to review those materials until the parties meet and confer further. *See* Ex. H.

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO QUASH NON-PARTY SUBPOENAS
*DUCES TECUM* AND FOR A PROTECTIVE ORDER                - 5 -                CASE NO. 21-CV-01911-CRB

In addition to these bank subpoenas, the SEC also subpoenaed Fidelity Brokerage Services, LLC to produce documents from "July 1, 2018 to the present" for "any account in the name of" Dr. Richman, Dr. Apte, Petrichor Properties, LLC, or Amplicon Properties, LLC, including:

1.     All monthly or other periodic account statements;

2.     If available, an electronic record, preferably in Excel format, that reflects all account transactions;

3.     Supporting documents for money transfers into/out of the accounts (such as wires, EFTs and ACHs);

4.     Any memoranda, account notes, or other similar documents summarizing or memorializing calls or conversations between Fidelity and Jessica Richman or Zachary Apte;

5.     All documents and communications (including emails) between Fidelity and the account holders or signatories; and

6.     All documents sufficient to show online access to the accounts identified above including date, time, session length, transactions occurring during online session, and the ISP address used to access the account for each session.

*See* Ex. C, Fidelity Brokerage Services LLC Subpoena (emphasis omitted).[7]

## III.    ARGUMENT

"The scope of discovery under Rule 45 is the same as under Rule 26(b)."   *Unsworth v. Musk*, No. 19-MC-80224-JSC, 2019 WL 5550060, at *4 (N.D. Cal. Oct. 28, 2019).  Rule 26(b)(1) permits parties to seek discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b).  If a nonparty subpoena exceeds Rule 26(b)(1)'s scope, the Court may quash it under Rule 45, *see City of San Jose v. JUM Global*, 16-CV-01462-VKD, 2018 WL 4520981, *3 (N.D. Cal. Sept. 21, 2018) (granting defendant's motion to quash nonparty subpoenas seeking irrelevant information), or alternatively grant a protective order precluding a plaintiff from obtaining the information sought by the improper subpoena, *see id.; see also Springbrook Lenders v. Nw. Nat'l. Ins. Co.*, 121 F.R.D.

---

[7] The Fidelity subpoena further requests documents "regardless of time period" relating to:

1.     Account opening documents (including, forms of ID provided, signature cards, corporate documents and resolutions, and customer account agreements).

Ex. C.

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO QUASH NON-PARTY SUBPOENAS
*DUCES TECUM* AND FOR A PROTECTIVE ORDER

- 6 -

CASE NO. 21-CV-01911-CRB

1   679, 680-81 (N.D. Cal. 1988).

2        The Court has "broad discretion" to limit discovery where the discovery sought is

3   "unreasonably cumulative or duplicative, or can be obtained from some other source that is more

4   convenient, less burdensome, or less expensive." *Simmons v. Morgan Stanley Smith Barney, LLC*,

5   No. 11-CV-2889-WQH MDD, 2013 WL 310330, at *1 (S.D. Cal. Jan. 25, 2013) (quoting Fed. R.

6   Civ. P. 26(b)(2)(C)).  "Limits also should be imposed where the burden or expense outweighs the

7   likely benefits." *Id.*  Courts have found good cause to issue a protective order where, as here, the

8   discovery sought from a non-party is irrelevant, overbroad, or disproportionate to the needs of the

9   case. *See In re REMEC, Inc. Sec. Litig.*, No. 04-CV-1948 JLS (AJB), 2008 WL 2282647, at *1-4

10  (S.D. Cal. May 30, 2008) (granting defendant's motion for a protective order regarding subpoena

11  issued to a non-party in part where subpoenas sought information beyond the scope of the relevant

12  time period and "far exceed[ed] the scope of the claims and defenses asserted in this case").

13        **A.     The Subpoenas Are Unenforceable Under Federal Rules 26 and 45.[8]**

14        The SEC's Subpoenas seek financial information that goes far beyond the SEC's two causes

15  of action.  To start, the Subpoenas request the financial institutions to produce bank records and

16  other financial information from July 1, 2018 to the present—*i.e.*, September 2, 2021.

17  *See* Exs. A-C.[9]  There is no plausible basis to infer the relevancy of financial records that postdate

18  September 2018—the date uBiome's Series C offering is alleged to have concluded and upon which

19  all of the SEC's claims are based.  Compl. ¶ 28.  Even more, the Complaint asserts that Defendants

20  left uBiome no later than June 2019.  Compl. ¶ 45.  There is simply no basis under the allegations

21  alleged in the Complaint to justify the SEC's demand for the Defendants' financial records

22  _____

23  [8] Defendants have standing to challenge the Subpoenas because they have privacy interests in the information requested. *See, e.g.*, *Knoll, Inc. v. Moderno, Inc.*, No. 12-CV-80193-MISC SI, 2012

24  WL 4466543, at *2 (N.D. Cal. Sept. 26, 2012) ("[A] party moving to quash a non-party subpoena has standing when the party has a personal right or privilege in the information sought to be

25  disclosed.") (citing 9A Wright & Miller, Fed. Prac. & Proc. § 2459 (3d. 2008)).  Specifically, courts in this District have concluded that a defendant's privacy interest in its bank records confers

26  standing to challenge third-party subpoenas. *See, e.g.*, *JUM Global LLC*, 2018 WL 4520981, at *2-3 ("[Defendant] asserts an interest in preventing its confidential bank records from being

27  disclosed to the [plaintiff] on the grounds that the records are confidential and are not relevant to this action. It has standing to challenge the subpoena to [a nonparty bank] on those grounds.").

28  [9] As previously noted, the Subpoenas also seek account origination and safety deposit box information regardless of date.  *Id.*

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO QUASH NON-PARTY SUBPOENAS
*DUCES TECUM* AND FOR A PROTECTIVE ORDER                - 7 -                CASE NO. 21-CV-01911-CRB

following their departure from uBiome. *See JUM Global LLC*, 2018 WL 4520981, at *3 (granting defendant's motion to quash nonparty bank subpoenas because the information sought was irrelevant to plaintiff's claims); *Koh v. S.C. Johnson & Son, Inc.*, No. 09-CV-00927 RMW, 2011 WL 940227, at *6 (N.D. Cal. Feb. 18, 2011) (granting protective order concerning subpoenas served on financial entities: "[T]he court believes the subpoenas to be wildly overbroad and only marginally calculated, if at all, to lead to relevant and admissible evidence to be used in this action.").

The Court in *City of San Jose v. JUM Global LLC*, faced a challenge to third-party subpoenas *duces tecum* similar to the ones at issue here. *See* 2018 WL 4520981, at *3. The defendant, JUM Global, moved to quash a third-party bank subpoena, in part, because the requested financial records post-dated the allegations of fraud pled in the complaint. The district court granted the motion, holding that "the Court finds the discovery the City seeks is not relevant to its fraud claim, as currently pled[.]" *Id.* at *2-3. This Court should grant Defendants' motion for the same reason. The Defendants' confidential financial records from June 2019 (the date they were removed as uBiome officers and directors) to the present have no apparent relevancy to the issues alleged in the Complaint.

The Subpoenas' requests for financial information from nonparty entities Petrichor Properties, LLC and Amplicon Properties, LLC are even more attenuated. The SEC does not identify these entities in its Complaint nor impliedly reference them in its allegations. *See generally*, Compl. Absent a plausible basis to establish the relevancy of either entity to the SEC's claims in this case, the Court should quash the Subpoenas on this basis, as well. *See, e.g.*, *S.E.C. v. Laura*, 18-CV-5075-NGG (VMS), 2020 WL 5152873 (E.D.N.Y. Aug. 31, 2020) ("The Court cannot find the SEC's threshold relevance burden satisfied with respect to the requested [nonparty entity] information on such a speculative submission, and accordingly grants Movants' application to quash the [nonparty bank] subpoenas for the same."). Even if the SEC were able to conjure some theoretical association between Petrichor Properties and Amplicon Properties and its claims that the Defendants defrauded uBiome's Series C investors, the Subpoenas again request financial information that significantly postdates the allegedly fraudulent conduct at issue in this

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO QUASH NON-PARTY SUBPOENAS
*DUCES TECUM* AND FOR A PROTECTIVE ORDER          - 8 -          CASE NO. 21-CV-01911-CRB

litigation. Thus, whatever marginal relevance the SEC may hypothesize its Subpoenas would serve, the scope of their inquiry is completely disproportionate to the needs of the SEC's case—the standard imposed by Rule 26(b)(1). The Court should therefore quash the Subpoenas and issue a protective order. *See, e.g.*, *Laura*, 2020 WL 5152873 , at *3 (granting motion to quash); *JUM Global LLC*, 2018 WL 4520981, at *3 (same); *Koh*, 2011 WL 940227, at *4 (granting protective order and ordering party to destroy materials already obtained pursuant to a subpoena).

### B.    The Subpoenas Seek Information That Is Duplicative Of The Records Previously Subpoenaed By The SEC.

The Court should quash the Subpoenas and issue a protective order for an additional reason: the SEC already has obtained any potentially relevant information responsive to the Subpoenas through its Prior Administrative Subpoenas that were served in November and December of 2019. *See* Exs. D & E. The SEC may assert that by requesting financial information *beginning* in July 1, 2018, the Subpoenas seek, in part, financial information that could be connected to proceeds derived from uBiome's Series C offering (which took place from May through September 2018). *See* Compl. ¶ 28. However, as noted above, the SEC subpoenaed *the exact same* financial information covered by two of its three Subpoenas in late 2019. Exs. D & E. The Prior Administrative Subpoenas already covered the entire period that the Defendants were associated with uBiome. It is thus clear that the SEC already possesses any potentially relevant records from Bank of America and JPMorgan Chase and that the Subpoenas are, at best, duplicative and unnecessary.

The fact that the SEC already has Dr. Richman and Dr. Apte's personal financial information is not in dispute. In support of its Motion to Serve Defendants by Alternate Means, the SEC attached the Declaration of Crystal Boodoo, an SEC Staff Accountant, who wrote that she had "reviewed certain bank records and other documents contained in the Commission's files regarding the flow of money to and from certain bank accounts," in particular, "the monthly bank statements in the Commission's possession for Jessica Richman ('Richman') and Zachary Apte ('Apte') for the period beginning in the second half of 2019 through February 2021, *the most recent period for which the Commission has records for the relevant accounts*." *See* Ex. F, Dkt. 15 ¶¶ 2-

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO QUASH NON-PARTY SUBPOENAS
*DUCES TECUM* AND FOR A PROTECTIVE ORDER                - 9 -                CASE NO. 21-CV-01911-CRB

1   3 (emphasis added).  The Boodoo Declaration attached a spreadsheet purportedly reflecting Dr.

2   Apte's and Dr. Richman's bank transactions from July 2020 through February 22, 2021.  *See* Ex.

3   G, Dkt. 15-1.  The Boodoo Declaration demonstrates that the SEC already possesses Defendants'

4   personal bank records and that the agency somehow acquired records that postdate the relevant

5   time period set forth in its aforementioned Prior Administrative Subpoenas.  Thus, it is clear that

6   the SEC already possesses both the temporally relevant financial information and irrelevant

7   information requested by its Subpoenas.

8          To be clear, Defendants are not aware of how the SEC obtained their personal bank

9   information for periods following November / December 2019—the conclusion of the "Relevant

10  Period" set forth in the Prior Administrative Subpoenas.  *See* Exs. D & E.  To the extent the SEC

11  directed the nonparty banks to supplement their document productions pursuant to the Prior

12  Administrative Subpoenas (or issued new subpoenas to those same banks), Defendants were not

13  advised of those subpoenas as required by the Right to Financial Privacy Act and were thus unable

14  to object on relevance grounds at that time.  *See* 12 U.S.C. § 3402 (government may not access or

15  obtain copies of customers' financial records (or the information contained therein) unless it

16  adheres to certain disclosure procedures); *cf. Hunt v. S.E.C.*, 520 F. Supp. 580, 604 (N.D. Tex.

17  1981) ("With respect to the update letters, it is clear that the SEC was requesting production of the

18  financial records of the Plaintiffs and that no notice was given. There is simply no provision in the

19  Act which allows for this type of request for financial records."); *see also id.* at 594-597 (discussing

20  the impropriety of sending "update letters" to financial institutions tied to preexisting administrative

21  subpoenas without giving notice of the additional requests to the targets of the SEC's investigation).

22         To the extent that the SEC is requesting these records anew in an effort to combine

23  theoretically relevant requests (*e.g.*, bank records predating June 2019) with improper requests to

24  "update" its bank information with current, irrelevant bank information from February 2021 to the

25  present, that would be improper and yet another basis to quash the Subpoenas.[10] In short, the

26  Subpoenas seek irrelevant and/or duplicative information and should be quashed under Rule 45

27

28

---

[10] Similarly, if the SEC's Subpoenas are designed to obtain anew personal financial information that the SEC previously obtained without adhering to the requirements of the Right to Financial Privacy Act, that too would be an improper use of Rule 45 subpoenas *duces tecum.*

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO QUASH NON-PARTY SUBPOENAS
*DUCES TECUM* AND FOR A PROTECTIVE ORDER                - 10 -                CASE NO. 21-CV-01911-CRB

1  pursuant to Rule 26's relevancy requirement. *See JUM Global LLC*, 2018 WL 4520981, at *2–3.

2  In addition, Rule 26(c)(i) explicitly contemplates issuing a protective order to limit discovery that

3  "is unreasonably cumulative or duplicative," and the Court should issue one here.

4  **IV.    CONCLUSION**

5       For the foregoing reasons, Jessica Richman and Zachary Apte respectfully request that the

6  Court grant the instant Motion and quash the Subpoenas served on Bank of America, JPMorgan

7  Chase, and Fidelity, and to issue a protective order concerning the materials already obtained

8  pursuant to the subpoena served on Bank of America.

9

10

11  DATED:  September 13, 2021                 Respectfully submitted,

12                                            By:    *Joel H. Hammerman*
                                              JOEL M. HAMMERMAN (*Pro Hac Vice*)
13                                            JOSHUA P. MAHONEY (*Pro Hac Vice*)
                                              SOPHIE H. GOTLIEB (*Pro Hac Vice*)
14                                            TARIFA LADDON (Cal. Bar No. 240419)
                                              **FAEGRE DRINKER BIDDLE & REATH, LLP**
15                                            1800 Century Park East, Ste. 1500
                                              Los Angeles, California 90067
16                                            Telephone: (310) 500-2166
                                              Facsimile: (310) 229-1285
17                                            *joel.hammerman@faegredrinker.com*
                                              *josh.mahoney@faegredrinker.com*
18                                            *sophie.gotlieb@faegredrinker.com*
                                              *tarifa.laddon@faegredrinker.com*
19
                                              By:    *Douglas Sprague*
20                                            W. DOUGLAS SPRAGUE (Cal. Bar No. 202121)
                                              DAVID JUNG (Cal. Bar No. 314508)
21                                            RAINA BHATT (Cal. Bar No. 319435)

22                                            **COVINGTON & BURLING LLP**
                                              Salesforce Tower
23                                            415 Mission Street, Suite 5400
                                              San Francisco, CA 94105-2533
24                                            Telephone: (415) 591-6000
                                              Facsimile: (415) 591-6091
25                                            *dsprague@cov.com*
                                              *gjung@cov.com*
26                                            *rbhatt@cov.com*

27                                            Attorneys for Defendants
28                                            JESSICA RICHMAN and ZACHARY APTE

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO QUASH NON-PARTY SUBPOENAS     - 11 -     CASE NO. 21-CV-01911-CRB
*DUCES TECUM* AND FOR A PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Faegre Drinker
Biddle & Reath LLP
Attorneys at Law
San Francisco

Motion to Quash Non-Party Subpoenas
*Duces Tecum* and for a Protective Order

- 12 -

Case No. 21-CV-01911-CRB