# EXHIBIT A

BERNARD B. SMYTH (Cal. Bar No. 217741)
smythb@sec.gov
THOMAS J. EME (Ill. Bar No. 6224870)
emet@sec.gov
DAVID ZHOU (NY Bar No. 4926523)
zhoud@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
Telephone: (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 21-cv-01911-CRB |
| Plaintiff, | **SECURITIES AND EXCHANGE COMMISSION'S NOTICE OF SUBPOENA DUCES TECUM TO BANK OF AMERICA, N.A.** |
| v. | |
| JESSICA RICHMAN and ZACHARY APTE, | |
| Defendants. | |

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, plaintiff Securities and Exchange Commission gives notice of the subpoena duces tecum directed to Bank of America, N.A., seeking production of records described in the attachment to the subpoena, at the place and time indicated in the subpoena. The subpoena with attachment is enclosed.

Dated: Sept. 2, 2021         /s/ Thomas J. Eme
                             Thomas J. Eme
                             Bernard B. Smyth
                             David Zhou
                             Attorneys for Plaintiff
                             SECURITIES AND EXCHANGE COMMISSION

# CERTIFICATE OF SERVICE

I, Janet Bukowski, hereby certify that the following documents:

- Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to Bank of America, N.A. and Attachment to the Subpoena; and

- Securities and Exchange Commission's Notice of Subpoena Duces Tecum to Bank of America, N.A.

were served via UPS overnight delivery, on Sept. 2, 2021, on the following persons:

W. Douglas Sprague, Esq.
Covington & Burling, LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533

Joel Hammerman, Esq.
Faegre Drinker Biddle & Reath LLP
311 S. Wacker Drive, Suite 4300
Chicago, IL 60606

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on Sept. 2, 2021, at San Francisco, California.

/s/ *Janet Bukowski*
Janet Bukowski

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States Securities and Exchange Commission | |
|---|---|
| *Plaintiff* | Civil Action No. 21-cv-01911-CRB |
| v. | |
| Jessica Richman and Zachary Apte | |
| *Defendants* | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Bank of America, N.A.
     Legal Order and Case Resolution Operations
     DE5-024-02-08, Christiana IV
     800 Samoset Drive
     Newark, DE 19713
     locrophoneteam@bofa.com

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Subpoena Attachment.

| Place: | Date and Time: |
|---|---|
| ENF-CPU (U.S. Securities & Exchange Commission)<br>14420 Albemarle Point Place<br>Suite 102<br>Chantilly, VA 20151-1750<br>and/or<br>via electronic mail to ENF-CPU@sec.gov and EmeT@sec.gov | September 16, 2021 at 5:00pm |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: September 2, 2021

_____        _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

CLERK OF COURT        OR        Thomas J. Eme

The name, address, e-mail address, and telephone number of the attorney representing the United States Securities and Exchange Commission, who issues or requests this subpoena, are: Thomas J. Eme, U.S. Securities and Exchange Commission, 44 Montgomery Street, Suite 2800, San Francisco, CA 94104, (415) 705-2320, EmeT@sec.gov.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 21-cv-01911-CRB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 3:21-cv-01911-CRB   Document 42-1   Filed 09/13/21   Page 6 of 8

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## SUBPOENA ATTACHMENT FOR BANK OF AMERICA, N.A.

September 2, 2021

*United States Securities and Exchange Commission v. Jessica Richman and Zachary Apte*

United States District Court for the Northern District of California
Case No. 21-cv-01911-CRB

### DEFINITIONS AND INSTRUCTIONS

A. The term "Bank of America" means Bank of America, N.A. and all of its corporate parents, limited partners, general partners, subsidiaries, divisions, affiliates, predecessors, successors, and all individuals acting on its behalf, as well as trade names or business names used by, or formerly used by, Bank of America.

B. If the requested electronically stored information has been lost, destroyed or disposed of, prepare a list identifying all such information as precisely as possible, providing without limitation: (1) a complete description of the contents, the date, and each person who created or received the original or a copy of the document, tangible thing, or electronically stored information; (2) the date, manner, and reasons for the loss or disposal and the persons responsible for, and the persons involved in, the loss or disposal; (3) identification of each person now in possession of the original or a copy of the document, tangible thing, or electronically stored information.

### ELECTRONICALLY STORED INFORMATION SUBPOENAED

Produce all documents identified below for **July 1, 2018 to the present** concerning any **bank account or credit card account** in the name of (i) **Jessica Richman** (DOB ▓▓ SSN ▓▓; (ii) **Zachary Apte** (DOB ▓▓ SSN ▓▓; (iii) **Petrichor Properties, LLC** (EIN: ▓▓ or (iv) **Amplicon Properties, LLC** (EIN: ▓▓ Such accounts may include but are not limited to account numbers ▓▓ and ▓▓.

1. All monthly or other periodic account statements;

2. If available, an electronic record, preferably in Excel format, that reflects all account transactions;

3. Electronic image of all supporting documents for all account transactions in the monthly account statements including, but not limited to, the following: canceled checks (front and back); deposit slips and copies of the deposit items listed on the deposit slips; debit and credit notices; drafts of all manner; cashier's checks; official checks; money orders; certified checks; electronic fund transfer notices; wire transfer advices/notices and wire transfer instructions (including authorizations, memoranda, and confirmations);

4. All documents and communications sufficient to identify all extensions of credit information including, but not limited to, the following: promissory notes; loan applications or agreements (including bank card and overdraft applications or agreements); guarantees; letters of credit; financial statements; security agreements; and collateral pledges;

5. Any memoranda, account notes, or other similar documents summarizing or memorializing calls or conversations between Bank of America and Jessica Richman or Zachary Apte;

6. All documents and communications (including emails) between Bank of America and the account holders or signatories; and

7. All documents sufficient to show online access to the accounts identified above including date, time, session length, transactions occurring during online session, and the ISP address used to access the account for each session.

In addition, produce the following documents concerning any **bank account or credit card account** in the name of (i) **Jessica Richman** (DOB ▮ SSN ▮ (ii) **Zachary Apte** (DOB ▮ SSN ▮ (iii) **Petrichor Properties, LLC** (EIN: ▮ or (iv) **Amplicon Properties, LLC** (EIN: ▮  Produce these documents **regardless of time period.**

1. Account opening documents including, but not limited to, new account applications and attachments or exhibits thereto, corporate or partnership resolutions, and all signature cards, regardless of when created, prepared, received, or otherwise obtained; and

2. All documents sufficient to identify safety deposit boxes.