# EXHIBIT B

1   BERNARD B. SMYTH (Cal. Bar No. 217741)
      smythb@sec.gov
2   THOMAS J. EME (Ill. Bar No. 6224870)
      emet@sec.gov
3   DAVID ZHOU (NY Bar No. 4926523)
      zhoud@sec.gov
4
    Attorneys for Plaintiff
5   SECURITIES AND EXCHANGE COMMISSION
    44 Montgomery Street, Suite 2800
6   San Francisco, CA 94104
    Telephone: (415) 705-2500
7   Facsimile:  (415) 705-2501

8

9                        UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11                        SAN FRANCISCO DIVISION

12

13  SECURITIES AND EXCHANGE COMMISSION,    Case No. 21-cv-01911-CRB

14             Plaintiff,                  **SECURITIES AND EXCHANGE
                                           COMMISSION'S NOTICE OF SUBPOENA
15        v.                               DUCES TECUM TO JPMORGAN CHASE
                                           BANK N.A.**
16  JESSICA RICHMAN and ZACHARY APTE,

17             Defendants.

18

19        Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, plaintiff Securities and

20  Exchange Commission gives notice of the subpoena duces tecum directed to JPMorgan Chase Bank

21  N.A., seeking production of records described in the attachment to the subpoena, at the place and

22  time indicated in the subpoena.  The subpoena with attachment is enclosed.

23

24  Dated: Sept. 2, 2021                   /s/  Thomas J. Eme
                                           Thomas J. Eme
25                                         Bernard B. Smyth
                                           David Zhou
26                                         Attorneys for Plaintiff
                                           SECURITIES AND EXCHANGE COMMISSION
27

28

**CERTIFICATE OF SERVICE**

1

2     I, Janet Bukowski, hereby certify that the following documents:

3

4       • Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises
          in a Civil Action to JPMorgan Chase Bank N.A. and Attachment to the Subpoena; and

5

6       • Securities and Exchange Commission's Notice of Subpoena Duces Tecum to JPMorgan
          Chase Bank N.A.

7

8     were served via UPS overnight delivery, on Sept. 2, 2021, on the following persons:

9         W. Douglas Sprague, Esq.

10        Covington & Burling, LLP
          415 Mission Street, Suite 5400

11        San Francisco, CA 94105-2533

12        Joel Hammerman, Esq.
          Faegre Drinker Biddle & Reath LLP

13        311 S. Wacker Drive, Suite 4300
          Chicago, IL 60606

14

15

16        I declare under penalty of perjury under the laws of the United States of America that the

17    foregoing is true and correct and that this declaration was executed on Sept. 2, 2021, at San

18    Francisco, California.

19
                                                  /s/ *Janet Bukowski*
20                                                Janet Bukowski

21

22

23

24

25

26

27

28

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States Securities and Exchange Commission | |
| *Plaintiff* | Civil Action No. 21-cv-01911-CRB |
| v. | |
| Jessica Richman and Zachary Apte | |
| *Defendants* | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   JPMorgan Chase Bank N.A.
RCO Centralized Mail. Mail Code: LA4-7300
700 Kansas Lane
Monroe. LA 71203-4774
NSP.Email.Fax@jpmchase.com

☒   *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Subpoena Attachment.

| Place: ENF-CPU (U.S. Securities & Exchange Commission) 14420 Albemarle Point Place Suite 102 Chantilly, VA 20151-1750 | Date and Time: September 16, 2021 at 5:00pm |
|---|---|
| and/or | |
| via electronic mail to ENF-CPU@sec.gov and EmeT@sec.gov | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: September 2, 2021

                    *CLERK OF COURT*

                                                    OR   *Thomas J. Eme*
_____                        _____
    *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing the United States Securities and Exchange Commission, who issues or requests this subpoena, are: Thomas J. Eme, U.S. Securities and Exchange Commission, 44 Montgomery Street, Suite 2800, San Francisco, CA 94104, (415) 705-2320, EmeT@sec.gov.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 21-cv-01911-CRB

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may
command a person to attend a trial, hearing, or deposition only as
follows:

   **(A)** within 100 miles of where the person resides, is
employed, or regularly transacts business in person; or

   **(B)** within the state where the person resides, is employed, or
regularly transacts business in person, if the person

      **(i)** is a party or a party's officer; or

      **(ii)** is commanded to attend a trial and would not incur
substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:

   **(A)** production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person
resides, is employed, or regularly transacts business in person; and

   **(B)** inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or
attorney responsible for issuing and serving a subpoena must take
reasonable steps to avoid imposing undue burden or expense on a
person subject to the subpoena. The court for the district where
compliance is required must enforce this duty and impose an
appropriate sanction—which may include lost earnings and
reasonable attorney's fees—on a party or attorney who fails to
comply.

**(2) *Command to Produce Materials or Permit Inspection.***

   **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place
of production or inspection unless also commanded to appear for a
deposition, hearing, or trial.

   **(B)** *Objections.* A person commanded to produce documents or
tangible things or to permit inspection may serve on the party or
attorney designated in the subpoena a written objection to inspecting,
copying, testing, or sampling any or all of the materials or to inspecting
the premises—or to producing electronically stored information in the
form or forms requested. The objection must be served before the
earlier of the time specified for compliance or 14 days after the
subpoena is served. If an objection is made, the following rules apply:

      **(i)** At any time, on notice to the commanded person, the serving
party may move the court for the district where compliance is required
for an order compelling production or inspection.

      **(ii)** These acts may be required only as directed in the order, and
the order must protect a person who is neither a party nor a party's
officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district
where compliance is required must quash or modify a subpoena
that:

      **(i)** fails to allow a reasonable time to comply;

      **(ii)** requires a person to comply beyond the geographical
limits specified in Rule 45(c);

      **(iii)** requires disclosure of privileged or other protected matter, if
no exception or waiver applies; or

      **(iv)** subjects a person to undue burden.

   **(B)** *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required
may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential
research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that
does not describe specific occurrences in dispute and results from the
expert's study that was not requested by a party.

   **(C)** *Specifying Conditions as an Alternative.* In the
circumstances described in Rule 45(d)(3)(B), the court may,
instead of quashing or modifying a subpoena, order appearance or
production under specified conditions if the serving party:

      **(i)** shows a substantial need for the testimony or material that cannot
be otherwise met without undue hardship; and

      **(ii)** ensures that the subpoenaed person will be reasonably
compensated.

### (e) Duties in Responding to a Subpoena.

**(1) *Producing Documents or Electronically Stored Information.***
These procedures apply to producing documents or electronically
stored information:

   **(A)** *Documents.* A person responding to a subpoena to produce
documents must produce them as they are kept in the ordinary course of
business or must organize and label them to correspond to the categories
in the demand.

   **(B)** *Form for Producing Electronically Stored Information Not
Specified.* If a subpoena does not specify a form for producing
electronically stored information, the person responding must produce
it in a form or forms in which it is ordinarily maintained or in a
reasonably usable form or forms.

   **(C)** *Electronically Stored Information Produced in Only One Form.*
The person responding need not produce the same electronically stored
information in more than one form.

   **(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored
information from sources that the person identifies as not reasonably
accessible because of undue burden or cost. On motion to compel
discovery or for a protective order, the person responding must show
that the information is not reasonably accessible because of undue
burden or cost. If that showing is made, the court may nonetheless
order discovery from such sources if the requesting party shows good
cause, considering the limitations of Rule 26(b)(2)(C). The court may
specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

   **(A)** *Information Withheld.* A person withholding subpoenaed
information under a claim that it is privileged or subject to protection as
trial-preparation material must:

      **(i)** expressly make the claim; and

      **(ii)** describe the nature of the withheld documents,
communications, or tangible things in a manner that, without
revealing information itself privileged or protected, will enable the
parties to assess the claim.

   **(B)** *Information Produced.* If information produced in response
to a subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

### (g) Contempt.
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA ATTACHMENT FOR JPMORGAN CHASE BANK, N.A.

September 2, 2021

*United States Securities and Exchange Commission v. Jessica Richman and Zachary Apte*

United States District Court for the Northern District of California
Case No. 21-cv-01911-CRB

### DEFINITIONS AND INSTRUCTIONS

A. The term "JPMorgan Chase" means JPMorgan Chase Bank, N.A. and all of its corporate parents, limited partners, general partners, subsidiaries, divisions, affiliates, predecessors, successors, and all individuals acting on its behalf, as well as trade names or business names used by, or formerly used by, JPMorgan Chase.

B. If the requested electronically stored information has been lost, destroyed or disposed of, prepare a list identifying all such information as precisely as possible, providing without limitation: (1) a complete description of the contents, the date, and each person who created or received the original or a copy of the document, tangible thing, or electronically stored information; (2) the date, manner, and reasons for the loss or disposal and the persons responsible for, and the persons involved in, the loss or disposal; (3) identification of each person now in possession of the original or a copy of the document, tangible thing, or electronically stored information.

### ELECTRONICALLY STORED INFORMATION SUBPOENAED

Produce all documents identified below for **July 1, 2018 to the present** concerning any **bank account or credit card account** in the name of (i) **Jessica Richman** (DOB ███████ SSN ███████); (ii) **Zachary Apte** (DOB ███████ SSN ███████ (iii) **Petrichor Properties, LLC** (EIN: ███████ or (iv) **Amplicon Properties, LLC** (EIN: ███████ Such accounts may include but are not limited to account numbers ███████ ███████

1. All monthly or other periodic account statements;

2. If available, an electronic record, preferably in Excel format, that reflects all account transactions;

3. Electronic image of all supporting documents for all account transactions in the monthly account statements including, but not limited to, the following: canceled checks (front and back); deposit slips and copies of the deposit items listed on the deposit slips; debit and credit notices; drafts of all manner; cashier's checks; official checks; money orders; certified checks; electronic fund transfer notices; wire transfer advices/notices and wire transfer instructions (including authorizations, memoranda, and confirmations);

1

4. All documents and communications sufficient to identify all extensions of credit information including, but not limited to, the following: promissory notes; loan applications or agreements (including bank card and overdraft applications or agreements); guarantees; letters of credit; financial statements; security agreements; and collateral pledges;

5. Any memoranda, account notes, or other similar documents summarizing or memorializing calls or conversations between JPMorgan Chase and Jessica Richman or Zachary Apte;

6. All documents and communications (including emails) between JPMorgan Chase and the account holders or signatories; and

7. All documents sufficient to show online access to the accounts identified above including date, time, session length, transactions occurring during online session, and the ISP address used to access the account for each session.

In addition, produce the following documents concerning any **bank account or credit card account** in the name of (i) **Jessica Richman** (DOB████ SSN ████; (ii) **Zachary Apte** (DOB ████ SSN ████; (iii) **Petrichor Properties, LLC** (EIN: █ ████ or (iv) **Amplicon Properties, LLC** (EIN: ████ Produce these documents **regardless of time period.**

1. Account opening documents including, but not limited to, new account applications and attachments or exhibits thereto, corporate or partnership resolutions, and all signature cards, regardless of when created, prepared, received, or otherwise obtained; and

2. All documents sufficient to identify safety deposit boxes.

2