```
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
MONIQUE C. WINKLER (Cal. Bar No. 213031)
BERNARD B. SMYTH (Cal. Bar No. 217741)
THOMAS J. EME (Ill. Bar No. 6224870)
DAVID ZHOU (NY Bar No. 4926523)
```
**SECURITIES AND EXCHANGE COMMISSION**
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
*Attorneys for Plaintiff*

```
W. DOUGLAS SPRAGUE (Cal. Bar No. 202121)
DAVID JUNG (Cal. Bar No. 314508)
RAINA BHATT (Cal. Bar No. 319435)
```
**COVINGTON & BURLING LLP**
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
*Attorneys for Defendant Zachary Apte*

```
JOEL M. HAMMERMAN (Pro Hac Vice)
JOSHUA P. MAHONEY (Pro Hac Vice)
SOPHIE H. GOTLIEB (Pro Hac Vice)
TARIFA LADDON (Cal. Bar No. 240419)
```
**FAEGRE DRINKER BIDDLE & REATH, LLP**
1800 Century Park East, Suite 1500
Los Angeles, California 90067
*Attorneys for Defendant Jessica Richman*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JESSICA RICHMAN and ZACHARY APTE,<br><br>Defendants. | Case No. 21-cv-01911-CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:       TBD<br>Time:       TBD<br>Courtroom: 6<br>Judge:      Charles R. Breyer |

Pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern

District of California, Plaintiff Securities and Exchange Commission ("SEC") and Defendants Jessica

Richman and Zachary Apte ("Defendants"), jointly submit this initial Joint Case Management Statement.

### 1. Jurisdiction and Service

This Court has jurisdiction over the SEC's claims, all brought under the federal securities laws, pursuant to Sections 20(b), 20(d) and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77t(b), 77t(d) and 77v(a), and Sections 21(d), 21(e) and 27 of the Securities Exchange Act ("Exchange Act"), 15 U.S.C. §§ 78u(d), 78u(e) and 78aa. No issues have been raised regarding personal jurisdiction or venue. Defendants have been served with the Complaint and have filed a motion to dismiss.

### 2. Factual Summary

*The SEC's Description of the Case*

The following is the SEC's summary of the allegations in its complaint. The SEC alleges that Defendants engaged in the fraudulent offer and sale of securities issued by the company they founded, uBiome, Inc. ("uBiome"). The SEC alleges Richman served as the Chief Executive Officer and President of uBiome, and was a member of uBiome's Board of Directors. The SEC further alleges that Apte served as Chief Scientific Officer of uBiome and was a member of uBiome's Board of Directors.

The SEC alleges that during 2018, Defendants fraudulently raised approximately $60 million for uBiome in a "Series C" fundraising round led by Defendants that valued uBiome at nearly $600 million, and enriched Defendants by millions each through the sale of their own uBiome shares during the round.

In connection with the "Series C" fundraising, the SEC alleges that Defendants painted a false picture of uBiome as a rapidly growing company with a strong track record of reliable revenue through health insurance reimbursements for its tests. The SEC alleges that Defendants also made numerous misrepresentations that were designed to assure investors that the company's business model and its tests were widely accepted by health insurance companies and to downplay any risks to the company's revenue.

The SEC alleges that uBiome's purported success in generating revenue, however, was a sham. The SEC alleges this success depended on duping doctors into ordering unnecessary tests and other improper practices that Defendants directed and which, once discovered, led insurers to claw back their previous reimbursement payments to uBiome. The SEC alleges that although uBiome employees raised concerns regarding the company's practices, Defendants nevertheless forged ahead and failed to stop these practices. The SEC alleges that Defendants also failed to disclose those practices to investors. Moreover, the SEC alleges that Defendants acted to conceal the improper practices from uBiome's general counsel, uBiome's board, and insurers, including directing uBiome employees to provide insurers with backdated and misleading medical records to substantiate the company's prior claims for reimbursement.

***Defendants' Description of the Case***

Defendants deny each and every one of the SEC's factual allegations. Indeed, not only are the SEC's allegations baseless, containing significant factual and logical errors, but as set forth in Defendants' Motion to Dismiss the SEC's Complaint (ECF 38), the SEC's allegations fail to allege the elements of securities fraud and fall far short of the heightened pleading standards required by Rule 9(b).

### 3. Legal Issues

The SEC alleges that Defendants directly or indirectly violated Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5. Defendants have filed a motion to dismiss the SEC's Complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

### 4. Motions

On June 10, 2021, the SEC filed a Motion to Serve Defendants by Alternative Means (ECF 13). The Court granted the SEC's motion on July 19, 2021 (ECF 23). On August 30, 2021, Defendants filed a Motion to Dismiss the SEC's Complaint (ECF 38). The Court set Defendants' motion to dismiss for hearing on November 5, 2021 (ECF 39). On September 13, 2021, Defendants filed a Motion to Quash Non-Party Subpoenas *Duces Tecum* and for a Protective Order (ECF 42). The Court subsequently referred this Motion and all discovery matters to Magistrate Judge Beeler

(ECF 43).  In a September 17, 2021, Notice and Order Regarding Discovery Procedures, Magistrate Judge Beeler denied without prejudice the Defendants' Motion to Quash Non-Party Subpoenas *Duces Tecum* and for a Protective Order, directing the parties to present the dispute set forth in the Defendants' motion consistent with Magistrate Judge Beeler's Standing Order. (ECF 44).  The parties are in discussions to meet and confer further consistent with Judge Beeler's Standing Order.

**5.     Amendment of Pleadings**

The parties do not expect to seek to add or dismiss parties.  The parties propose a deadline for amending the pleadings of February 11, 2022.

**6.     Evidence Preservation**

The parties have reviewed the NDCA Guidelines Relating to Electronically Stored Information and have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably relevant in this action.  The SEC has taken measures to preserve all documents it obtained during the investigation preceding the filing of this case.  In addition, the SEC has instituted its procedures for preserving other records that could be requested, even if they are not likely to become evidence in this case.

Defendants have also taken measures to preserve personally retained documents.

**7.     Disclosures**

By agreement of the parties, initial disclosures are scheduled to be made on or before October 15, 2021.  As part of its initial disclosures, the SEC will (1) identify individuals likely to have discoverable information that the SEC may use to support its claims, and (2) provide a description by category and location of all documents, electronically stored information, and tangible things that the SEC has in its possession, custody or control, and may use to support its claims.

**8.     Discovery**

Following the parties' Rule 26(f) Conference, the SEC served four subpoenas pursuant to Federal Rule of Civil Procedure 45 on certain banks and a brokerage firm seeking documents.  The parties met and conferred with respect to those subpoenas on September 13, 2021.  As a result, the SEC agreed to withdraw one of its subpoenas and to discard any materials obtained in response thereto.  As noted above, Defendants filed a motion to quash those subpoenas and for a protective

order (ECF 42), and the dispute was referred to Magistrate Judge Beeler for resolution (ECF 43), who denied the motion without prejudice, directing the parties to present the pertinent issues consistent with Magistrate Judge Beeler's Standing Order (ECF 44).

No other discovery has been served to date.

The parties agree that the presumptive limitation of 10 depositions should be modified to allow for 20 depositions for the SEC and 15 depositions per Defendant. The parties reserve the right under the rules to request further depositions should the needs of the case so warrant.

The parties agree that the presumptive limit of 25 interrogatories should be modified to allow for 25 interrogatories for the SEC, and 15 interrogatories per Defendant. The parties reserve the right under the rules to request further interrogatories should the needs of the case so warrant.

**9.    Class Actions**

Not applicable.

**10.    Related Cases**

On May 10, 2021, the Court issued a Related Case Order (ECF 11), finding this action related to *United States v. Apte, et al.*, Case No. 21-cr-0116-CRB. On June 1, 2021, the Court issued a Related Case Order in *United States v. Apte, et al.*, Case No. 21-cr-0116-CRB (ECF 14), finding that case related to *United States v. Two Condominiums located at 465 Ocean Drive, Units 315 and 316, Miami Beach, Florida 33139*, a civil forfeiture action.

On September 4, 2019, uBiome filed a voluntary Chapter 11 bankruptcy petition in United States Bankruptcy Court for the District of Delaware, Case No. 19-11938-LSS. On October 11, 2019, the Bankruptcy Court entered an order converting the case to a Chapter 7 bankruptcy. The bankruptcy proceedings are ongoing. On September 2, 2021, the Debtor filed an adversary proceeding in United States Bankruptcy Court for the District of Delaware, Case No. 21-51032-LSS against Jessica Richman. On September 4, 2021, the Debtor amended its complaint, adding an additional defendant, Zachary Apte.

**11.  Relief**

The SEC seeks the following relief in this action:

- Permanent injunctions against each of the Defendants, prohibiting each of them from directly or indirectly violating Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder.
- An order permanently enjoining Defendants from directly or indirectly, including, but not limited to, through any entity owned or controlled by either Defendant, participating in the issuance, purchase, offer, or sale of any security; provided, however, that such injunction shall not prevent Defendants from purchasing or selling securities for his or her own personal account.
- Orders requiring each of the Defendants to disgorge, with prejudgment interest, all ill-gotten gains, together with prejudgment interest thereon.
- Orders requiring each of the Defendants to pay civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)(3)].
- An order prohibiting Defendants from serving as an officer or director of a publicly traded company, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t€] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)].

**12.  Settlement and ADR**

The parties propose as the ADR plan for this case a settlement conference before a Magistrate Judge. The parties believe that ADR efforts will be most efficiently pursued following resolution of Defendants' motion to dismiss and the review of discovery.

**13.  Consent to a Magistrate Judge for All Purposes**

The parties have not consented to a Magistrate Judge for all purposes.

**14.  Other Reference**

No other reference appears suitable at this time.

### 15. Narrowing of Issues

The parties are not aware at this time of any issues that would be appropriate for narrowing by agreement or motion. The parties do not currently have any requests to bifurcate issues, claims, or defenses.

### 16. Expedited Trial Procedure

The parties agree that this case should not be handled under the Expedited Trial Procedures.

### 17. Scheduling

The parties respectfully propose the following schedule:

| Event | Date or Deadline |
| --- | --- |
| Last Day to Amend Pleadings or Add Parties | February 11, 2022 |
| Fact Discovery Cutoff | November 18, 2022 |
| Initial Expert Reports and Disclosures | January 13, 2023 |
| Rebuttal Expert Reports | March 6, 2023 |
| Expert Discovery Cutoff | April 14, 2023 |
| Last Day to Hear Dispositive Motions | June 9, 2023 |
| Pretrial Conference | August 11, 2023 |
| Trial | September 12, 2023, or as soon thereafter as the Court's schedule allows |

### 18. Trial

Neither party has filed a jury demand at this time. The SEC estimates a trial would take approximately 15-20 court days. Defendants estimate a trial would take approximately 20-25 court days. Defendants reserve the right to revise this estimate should the needs of the case so warrant.

### 19. Disclosure of Non-party Interested Entities or Persons

Under Local Civil Rule 3-15(a), the SEC is not required to file a certification. Defendants have not yet filed a Certification of Interested Entities or Persons pursuant to Local Civil Rule 3-15(a).

**20. Professional Conduct**

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: October 7, 2021

Respectfully submitted,

/s/ *Bernard B. Smyth*
Bernard B. Smyth
Thomas J. Eme
David Zhou
*Attorneys for Plaintiff*
**SECURITIES AND EXCHANGE COMMISSION**

Dated: October 7, 2021

By: /s/ *W. Douglas Sprague*
W. Douglas Sprague
David Jung
Raina Bhatt
*Attorneys for Defendant Zachary Apte*
**COVINGTON & BURLING LLP**

Dated: October 7, 2021

By: /s/ *Joel M. Hammerman*
Joel M. Hammerman
Joshua Mahoney
Sophie H. Gotlieb
Tarifa B. Laddon
*Attorney for Defendant Jessica Richman*
**FAEGRE DRINKER BIDDLE & REATH, LLP**

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____

Hon. Charles R. Breyer