UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JESSICA RICHMAN, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-01911-CRB(LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 51 |

## INTRODUCTION

The parties dispute three subpoenas served by the SEC on Bank of America, J.P. Morgan Chase Bank, and Fidelity Brokerage Services. The subpoenas seek the defendants' bank and investment information, which the SEC asserts is related to the defendants' alleged securities fraud. The defendant moved to quash the subpoenas generally contending that they are irrelevant and duplicative.[1] The court can decide the issues without oral argument. Civ. L. R. 7-1(b). The court finds that the subpoenas are relevant, denies the motion to quash, and orders the production of the records.

---

[1] Joint Letter Br. – ECF No. 51. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 21-cv-01911-CRB

**ANALYSIS**

On September 2, 2021, the SEC served three Rule 45 subpoenas on Bank of America, J.P. Morgan Chase Bank, and Fidelity Brokerage Services, seeking financial records for the defendants' accounts from July 1, 2018 to the present.[2] On September 13, 2021, the defendants filed a motion to quash the subpoenas.[3] The court dismissed the motion to quash without prejudice and directed the parties the comply with the court's joint discovery letter briefing process outlined in the court's standing order.[4] The parties submitted their joint discovery letter brief on October 13, 2021. The defendants object to the subpoenas and ask the court to quash them, asserting generally that they are irrelevant and duplicative.[5]

The court denies the motion to quash.

First, the subpoenas seek relevant information. In the underlying case, the SEC is seeking permanent injunctions, disgorgement, and civil penalties for alleged securities fraud.[6] The information sought — records of the defendants' transfer of assets overseas — is directly relevant to the SEC's claims. *See SEC v. Newpoint Fin. Servs., Inc.*, No. 10 Civ. 124, 2010 WL 11484382, at *3 (C.D. Cal. Nov. 5, 2010) (ruling that subpoenas seeking financial records were relevant because "[a] claim for relief consists of both the claim, and a demand for relief," which includes disgorgement and civil penalties (cleaned up)); *In re Suzuki*, No. 14 Civ. 516, 2014 WL 6908384, at *4 (D. Haw. Dec. 5, 2014) (refusing to quash a subpoena seeking bank records of person who allegedly received fraud proceeds because that information "is relevant to the claims, remedies, and resolution of the underlying action"). Moreover, the information is relevant to the SEC's determination of whether additional relief may be appropriate, including a potential pre-judgment asset freeze. *See SEC v. Liu*, 851 Fed. App'x 665, 668 (9th Cir. 2021) (affirming a pre-judgment asset freeze, which prevents "a defendant from dissipating assets in order to preserve the

---

[2] Subpoenas, Exs. A–C to Mot. – ECF No. 42-1, 42-2 & 42-3.

[3] Mot. – ECF No. 42.

[4] Order – ECF No. 44.

[5] Joint Letter Br. – ECF No. 51 at 1–3.

[6] Compl. – ECF No. 1 at 12–14.

possibility of equitable remedies.") (citation omitted); *SEC v. PlexCorps*, No. 17 Civ. 7007, 2018 WL 3038500, at *3 (E.D.N.Y. June 19, 2018) (ordering additional asset freeze post-filing in light of continued dissipation). The cases cited by the defendants do not persuade the court otherwise.

Second, the subpoenas are not duplicative. The SEC did not previously request the defendants' account information from Bank of America or J.P. Morgan Chase Bank. Moreover, a protective order is not warranted here. A party seeking a protective order must show "good cause" by stating with specificity that "the information sought will cause harm or prejudice if the protective order is not granted." Fed. R. Civ. P. 26(c)(1); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). The defendants' account records will not cause harm or prejudice: the SEC already has the information, and it seeks it directly from the banks now in order to establish the authenticity of the records.

## CONCLUSION

The court denies the defendants' motion to quash the subpoenas and orders the production of the financial records.

**IT IS SO ORDERED.**

Dated: October 25, 2021

LAUREL BEELER
United States Magistrate Judge