JOEL M. HAMMERMAN (*Pro Hac Vice*)
JOSHUA P. MAHONEY (*Pro Hac Vice*)
SOPHIE GOTLIEB (*Pro Hac Vice*)
TARIFA B LADDON (Cal. Bar No. 240419)
**FAEGRE DRINKER BIDDLE & REATH LLP**
1800 Century Park East, Ste. 1500
Los Angeles, California 90067

*Attorneys for Defendant Jessica Richman*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>JESSICA RICHMAN and ZACHARY APTE,<br><br>Defendants. | Civil Case No.: 21-cv-01911-CRB<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JESSICA RICHMAN** |

Defendant Jessica Richman, by and through her undersigned counsel of record, answers the Plaintiff's Complaint ("Complaint") and alleges additional and affirmative defenses as follows. Paragraph numbers in this Answer correspond to the paragraph numbers of the Complaint and respond to the allegations in that specific paragraph of the Complaint. Dr. Richman denies each and every allegation in the Complaint's section headings and in all portions not contained in numbered paragraphs. To the extent that the Complaint's allegations concern persons and/or entities other than Dr. Richman, Dr. Richman denies that such allegations support any claim for relief against her. Except as expressly admitted, Dr. Richman denies all allegations contained in the Complaint.

## ANSWER

### SUMMARY OF THE ACTION

1. Dr. Richman admits that she and defendant Zachary Apte were among the founders of uBiome, Inc. ("uBiome"). Dr. Richman admits she sold some of her uBiome shares in connection with uBiome's Series C fundraising round. Dr. Richman admits that some of her electronic correspondence

included information about uBiome that included the statements that uBiome was "inventing the microbiome industry" and "making products that improve people's lives." Dr. Richman denies all remaining allegations in Paragraph 1.

2.   Dr. Richman admits that she was a Chief Executive Officer of uBiome and that, at various times, Dr. Apte held the title of Chief Scientific Officer at uBiome.   Dr. Richman denies all remaining allegations in Paragraph 2 to the extent they are directed at her. Dr. Richman lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 2 to the extent they are directed at other parties, and therefore denies them.

3.   Dr. Richman denies the allegations in Paragraph 3.

4.   Dr. Richman admits that law enforcement executed a search warrant at uBiome's San Francisco's offices in April 2019. Dr. Richman admits a purported "internal investigation" occurred. Dr. Richman admits uBiome filed for bankruptcy protection in September 2019 and as of March 2021 was undergoing Chapter 7 bankruptcy liquidation. Dr. Richman denies the remaining allegations in Paragraph 4.

5.   Dr. Richman denies the allegations in Paragraph 5.

6.   Dr. Richman denies that Plaintiff is entitled to the requested relief or any other relief on its claims.

## JURISDICTION AND VENUE

7.   The allegations set forth in Paragraph 7 state legal conclusions for which a responsive pleading is not required.

8.   The allegations set forth in Paragraph 8 state legal conclusions for which a responsive pleading is not required.

9.   The allegations set forth in Paragraph 9 state legal conclusions for which a responsive pleading is not required. To the extent that a response is required, Dr. Richman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 9 and therefore denies the allegations in Paragraph 9.

10.   Dr. Richman admits that, at various times, she met with prospective investors in the Northern District of California. The remaining allegations set forth in Paragraph 10 state legal conclusions

for which a responsive pleading is not required or for which Dr. Richman lack information to admit or deny.

11. Dr. Richman admits that uBiome had an office in San Francisco County among other locations. To the extent that the allegations set forth in Paragraph 11 state legal conclusions, no responsive pleading is not required. Dr. Richman denies the remaining allegations in Paragraph 11.

## DEFENDANTS

12. Dr. Richman admits she was 46 as of the date the Complaint was filed. Dr. Richman admits that she and Zachary Apte were among the founders of uBiome. Dr. Richman admits she was a Chief Executive Officer and member of the Board of Directors of uBiome. Dr. Richman admits that, in connection with a subpoena issued the U.S. Securities and Exchange Commission, based on the advice of counsel, she declined to answer questions and asserted all of her Fifth Amendment rights and privileges. Dr. Richman denies the remaining allegations in Paragraph 12.

13. Dr. Richman admits Dr. Apte was 36 as of the date the Complaint was filed. Dr. Richman admits that, at various times, Dr. Apte held the title of co-CEO and was a Chief Scientific Officer and was a member of the Board of Directors of uBiome. To the extent that the remaining allegations in Paragraph 13 are directed to another party, Dr. Richman lacks sufficient information or knowledge sufficient to admit or deny those allegations and therefore denies them.

## RELATED ENTITIES

14. Dr. Richman admits that uBiome, Inc. is a Delaware corporation that had an office in San Francisco, California. Dr. Richman admits that she and Dr. Apte were among the founders of uBiome, which was founded in 2012. Dr. Richman admits that uBiome operated in the biotech field, and among other businesses and activities, developed clinical laboratory tests. Dr. Richman admits that uBiome filed for Chapter 11 bankruptcy protection on or about September 4, 2019, in U.S. Bankruptcy Court in the District of Delaware, and that proceeding was later converted to a Chapter 7 proceeding. Dr. Richman denies the remaining allegations in Paragraph 14.

## FACTUAL ALLEGATIONS

15. Dr. Richman admits that she and Dr. Apte were among the founders of uBiome, that uBiome was founded in or about October 2012 and that, among other businesses and activities, uBiome

developed and performed proprietary laboratory tests that identified microorganisms in the gut and genitals. Dr. Richman admits that these tests were designed to assist in diagnosing conditions such as inflammatory bowel disease and sexually transmitted infections.

16. Dr. Richman admits she and Dr. Apte were married in 2019. Dr. Richman denies the remaining allegations in Paragraph 16.

17. To the extent Paragraph 17 alleges statements about unspecified insurance companies' requirements, Dr. Richman lacks information or knowledge sufficient to admit or deny those allegations, and therefore denies them. Dr. Richman denies the remaining allegations in Paragraph 17.

18. Dr. Richman denies the allegations in Paragraph 18.

19. Dr. Richman admits that uBiome launched SmartGut in or about October 2016 and SmartJane in or about November 2017. Paragraph 19 purports to describe two press releases, and Dr. Richman states that uBiome's press releases speak for themselves.

20. Dr. Richman denies the allegations in Paragraph 20.

21. Dr. Richman denies the allegations in Paragraph 21.

22. Dr. Richman denies the allegations in Paragraph 22.

23. Dr. Richman denies the allegations in Paragraph 23.

24. Dr. Richman denies the allegations in Paragraph 24.

25. Dr. Richman admits that, from time to time, certain insurance companies requested records from uBiome. Dr. Richman denies the remaining allegations in Paragraph 25.

26. Dr. Richman denies the allegations in Paragraph 26.

27. Dr. Richman admits that financial information was provided to Series C investors. Those materials speak for themselves. Dr. Richman denies the remaining allegations in Paragraph 27.

28. Dr. Richman denies the allegations in Paragraph 28.

29. Dr. Richman admits that uBiome sold convertible promissory notes. Paragraph 29 purports to describe the text and terms of those notes, which speak for themselves. Dr. Richman denies the remaining allegations in Paragraph 29. Dr. Richman lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 29 to the extent they are directed at other parties, and therefore denies them.

30. Dr. Richman admits the allegations in Paragraph 30.

31. Dr. Richman admits that from time to time, she and Dr. Apte met and communicated with prospective investors and participated in due diligence calls. Dr. Richman denies the remaining allegations in Paragraph 31.

32. Dr. Richman admits that she provided prospective investors with documents in connection with the Series C offering. Dr. Richman lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 32 to the extent they are directed at other parties. Dr. Richman denies the remaining allegations in Paragraph 32.

33. Dr. Richman denies the allegations in Paragraph 33.

34. To the extent Paragraph 34 purports to describe the content of "various pitch decks," those pitch decks speak for themselves. Dr. Richman denies the remaining allegations in Paragraph 34.

35. Dr. Richman denies the allegations in Paragraph 35.

36. Dr. Richman denies the allegations in Paragraph 36.

37. Dr. Richman denies the allegations in Paragraph 37.

38. Dr. Richman admits that she was copied on an email that stated, among other things, that uBiome "billed 15,351 samples in April, with an annualized revenue run rate of $109.2 million," and "16,985 samples in May, with an annualized revenue run rate of $121.2 million." Dr. Richman admits that the email stated uBiome had "3.4x the billable samples and revenue," and that uBiome "recognize[d] revenue of $549 per sample based on what we reasonable expect to collect on the lifetime of a sample." Dr. Richman denies the remaining allegations in Paragraph 38.

39. Dr. Richman admits that she sent an email in July 2018 that stated that uBiome had "[r]evenue growth of almost 900% since June 2017" and will achieve "[o]ver $100 million total revenue for 2018." Dr. Richman denies the remaining allegations in Paragraph 39.

40. Dr. Richman denies the allegations in Paragraph 40.

41. To the extent Paragraph 41 purports to describe the content of "various pitch decks," those pitch decks speak for themselves. Dr. Richman lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 41 to the extent they are directed at other parties, and therefore denies them. Dr. Richman denies the remaining allegations in Paragraph 41.

42. Dr. Richman lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 42 to the extent they are directed at other parties, and therefore denies them. Dr. Richman denies the remaining allegations in Paragraph 42.

43. Dr. Richman denies the allegations in Paragraph 43.

44. Dr. Richman admits that by April 2019, uBiome had received some communications from insurers regarding the company's practices, including some requests for repayment. Dr. Richman denies the remaining allegations in Paragraph 44.

45. Dr. Richman admits that the law enforcement executed a search warrant at uBiome's San Francisco's office in April 2019. Dr. Richman admits a purported "internal investigation" occurred. Dr. Richman denies the remaining allegations in Paragraph 45.

46. Dr. Richman admits uBiome filed for bankruptcy protection in September 2019 and as of March 2021 was undergoing Chapter 7 bankruptcy liquidation. Dr. Richman denies the remaining allegations in Paragraph 46.

## FIRST CLAIM FOR RELIEF

47. Dr. Richman incorporates by reference and restates the response to Paragraphs 1 to 46 as set forth above.

48. Dr. Richman denies the allegations in Paragraph 48.

49. Dr. Richman denies the allegations in Paragraph 49.

## SECOND CLAIM FOR RELIEF

50. Dr. Richman incorporates by reference and restates the response to Paragraphs 1 to 46 as set forth above.

51. Dr. Richman denies the allegations in Paragraph 52.

52. Dr. Richman denies the allegations in Paragraph 53.

## PRAYER FOR RELIEF

Dr. Richman denies that Plaintiff is entitled to the requested relief or any other relief on its claims.

## SEPARATE AND AFFIRMATIVE DEFENSES

Dr. Richman asserts the following separate and affirmative defenses to Plaintiff's allegations set forth in the Complaint. By setting forth these separate and affirmative defenses, Dr. Richman does not assume the burden of proving any fact, issue, or element of a claim she would not otherwise bear.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every purported cause of action in it, is barred, in whole or in part, because it fails to state a claim against Dr. Richman upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, and each and every purported cause of action in it, is barred, in whole or in part, to the extent that it seeks to impose disclosure obligations that are inconsistent with, or in excess of, those imposed by the federal securities laws and the rules and regulations promulgated thereunder by the Securities and Exchange Commission.

### THIRD AFFIRMATIVE DEFENSE

The Complaint, and each and every purported cause of action in it, is barred, in whole or in part, because there was no duty, under federal securities laws or otherwise, to disclose the information that the Complaint alleges was omitted or misstated.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each and every purported cause of action in it, is barred, in whole or in part, because Dr. Richman did not know, and could not have known with the exercise of reasonable care, the untruth of any alleged misrepresentation or the fact of any alleged material omission. Any alleged conduct in this case by Dr. Richman was without intent to deceive or scienter.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each and every purported cause of action in it, is barred, in whole or in part, because at all relevant times, Dr. Richman acted in good faith and with good cause and relied in good

faith on the advice, judgment and opinions of others as to matters she reasonably believed to be within such persons' competence.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action in it, is barred, in whole or in part, because all alleged misstatements were made in good faith, in the belief that such statements were accurate, there was no misstatement of a material fact or omission of a material fact required to be disclosed or necessary to make any such statements not misleading, and such statements were proper in all respects.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action in it, is barred, in whole or in part, because all material information alleged to have been omitted was in fact disclosed or otherwise known to investors, insurers, doctors, or others.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action in it, is barred, in whole or in part, because none of the alleged misrepresentations (by way of alleged misstatement or omission) or conduct was deceptive or manipulative in view of, inter alia, the totality of information available to investors, insurers, doctors, or others.

### NINTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action in it, is barred, in whole or in part, to the extent that any alleged misstatements constitute expressions of honest opinion, corporate optimism, or forward-looking statements .

### TENTH AFFIRMATIVE DEFENSE

The Complaint's prayer for injunctive relief is barred because there is no reasonable likelihood that any alleged violation will be repeated, and thus injunctive relief would be punitive in nature.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint's prayer for penalties is barred because any alleged violation was isolated and/or unintentional.  Any such relief would therefore be punitive in nature.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action in it, should be limited or barred due to any spoliation of evidence that is relevant to proving or disproving the matters alleged.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action in it, is barred to the extent that any cause of action has not been brought within the applicable statute of limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action in it, if permitted to proceed, would deprive Dr. Richman of her rights to substantive and procedural due process of law under the United States Constitution.  The Complaint fails to state and identify with sufficient particularity the circumstances and communications related to Dr. Richman allegedly constituting fraud and misrepresentation.

### FIFTEENTH AFFIRMATIVE DEFENSE

Dr. Richman reserves the right to raise any additional defenses and third-party claims not asserted herein of which she may become aware through discovery or other investigation.

### **JURY TRIAL DEMANDED**

Dr. Richman hereby demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Dr. Jessica Richman prays for judgment in her favor on all counts, dismissing Plaintiff's complaint with prejudice, denying Plaintiff the relief requested in the Complaint, awarding Dr. Richman the cost of suit and attorney's fees incurred herein, and any other and further relief as the Court deems just and proper under the circumstances.

| | |
|---|---|
| DATED:  November 17, 2021 | Respectfully submitted, |

By: /s/ *Joel M. Hammerman*
JOEL M. HAMMERMAN (*Pro Hac Vice*)
JOSHUA MAHONEY (*Pro Hac Vice*)
SOPHIE H. GOTLIEB (*Pro Hac Vice*)
TARIFA LADDON (Cal. Bar No. 240419)
**FAEGRE DRINKER BIDDLE & REATH, LLP**
1800 Century Park East, Ste. 1500
Los Angeles, California 90067
Telephone: (310) 500-2166
Facsimile: (310) 229-1285
*joel.hammerman@faegredrinker.com*
*josh.mahoney@faegredrinker.com*
*sophie.gotlieb@faegredrinker.com*
*tarifa.laddon@faegredrinker.com*
