W. DOUGLAS SPRAGUE (Cal. Bar No. 202121)
DAVID GRADY JUNG (Cal. Bar No. 314508)
RAINA BHATT (Cal. Bar No. 319435)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA  94105-2533
*Attorneys for Defendant Zachary Apte*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　Plaintiff,<br><br>　　v.<br><br>JESSICA RICHMAN and ZACHARY APTE,<br><br>　　Defendants. | Civil Case No.: 21-cv-01911-CRB<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ZACHARY APTE TO PLAINTIFF'S COMPLAINT** |

Defendant Zachary Apte, by and through his undersigned counsel of record, answers the Plaintiff's Complaint ("Complaint") and alleges additional and affirmative defenses as follows. Paragraph numbers in this Answer correspond to the paragraph numbers of the Complaint and respond to the allegations in that specific paragraph of the Complaint.  Dr. Apte denies each and every allegation in the Complaint's section headings and in all portions not contained in numbered paragraphs.  To the extent that the Complaint's allegations concern persons and/or entities other than Dr. Apte, unless otherwise noted Dr. Apte denies all such allegations.  Dr. Apte also denies that such allegations support any claim for relief against him.  Except as expressly admitted, Dr. Apte denies all allegations contained in the Complaint.

# ANSWER

## SUMMARY OF THE ACTION

1. Dr. Apte admits that he and Dr. Richman were founders of uBiome, Inc. ("uBiome"). Dr. Apte admits he sold some of his uBiome shares in connection with uBiome's Series C fundraising round. Dr. Apte denies all remaining allegations in Paragraph 1 to the extent they are directed at him.

2. Dr. Apte admits that Dr. Richman was a Chief Executive Officer of uBiome. Dr. Apte admits that he was the Chief Scientific Officer of uBiome. Dr. Apte denies all remaining allegations in Paragraph 2 to the extent they are directed at him.

3. Dr. Apte denies the allegations in Paragraph 3.

4. Dr. Apte admits that uBiome filed for bankruptcy protection in September 2019 and as of March 2021 was undergoing Chapter 7 bankruptcy liquidation. Dr. Apte admits that a search warrant was executed by law enforcement at uBiome's San Francisco offices in or about April 2019. Dr. Apte denies the remaining allegations in Paragraph 4.

5. Dr. Apte denies the allegations in Paragraph 5.

6. Dr. Apte denies that Plaintiff is entitled to the requested relief or any other relief on its claims.

## JURISDICTION AND VENUE

7. The allegations set forth in Paragraph 7 state legal conclusions for which no response is required.

8. The allegations set forth in Paragraph 8 state legal conclusions for which no response is required.

9. The allegations set forth in Paragraph 9 state legal conclusions for which no response is required. To the extent a response is required, Dr. Apte lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 9.

10. The allegations set forth in Paragraph 10 state legal conclusions for which no response is required. To the extent a response is required, Dr. Apte admits that, from time to time, he and Dr. Richman met with and solicited prospective investors in this District. Dr. Apte lacks information or

knowledge sufficient to admit or deny the remaining allegations in Paragraph 10 and therefore denies them.

11.   The allegations set forth in Paragraph 11 state legal conclusions for which no response is required. To the extent a response is required, Dr. Apte admits that uBiome had an office in San Francisco County. Dr. Apte denies the remaining allegations in Paragraph 11.

**DEFENDANTS**

12.   Dr. Apte admits that Dr. Richman was 46 years of age as of the date the Complaint was filed. Dr. Apte admits that he was a co-founder of uBiome, which was founded in 2012. Dr. Apte admits that Dr. Richman was a Chief Executive Officer of uBiome. Dr. Apte lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 12 to the extent they are directed at other parties and therefore denies them.

13.   Dr. Apte admits that he was 36 years of age in March 2021, that he was the Chief Scientific Officer of uBiome and a member of uBiome's Board of Directors, that he was the co-CEO of uBiome, and that, during the Commission's investigation and on the advice of counsel, he declined to answer questions concerning the investigation and asserted all of his Fifth Amendment rights and privileges.

**RELATED ENTITY**

14.   Dr. Apte admits that uBiome was a Delaware corporation and that uBiome had an office in San Francisco, California. Dr. Apte admits that he and Dr. Richman were among the co-founders of uBiome, which was founded in or about October 2012. Dr. Apte admits that uBiome operated in the biotech field, and among other things, developed clinical laboratory tests. Dr. Apte admits that uBiome filed for Chapter 11 bankruptcy protection on or about September 4, 2019, in U.S. Bankruptcy Court in the District of Delaware, and that proceeding was later converted to a Chapter 7 proceeding. Dr. Apte denies the remaining allegations in Paragraph 14.

**FACTUAL ALLEGATIONS**

15.   Dr. Apte admits he and Dr. Richman co-founded uBiome in or about October 2012 and that, among other things, uBiome developed and performed proprietary laboratory tests that identified

microorganisms in the gut and genitals.  Dr. Apte admits that these tests assisted in the diagnosis of conditions such as inflammatory bowel disease and sexually transmitted infections.

16. Dr. Apte admits the final sentence in Paragraph 16.  Dr. Apte denies the remaining allegations in Paragraph 16.

17. Dr. Apte denies the allegations in Paragraph 17.  To the extent Paragraph 17 alleges statements about unspecified insurance companies' requirements, Dr. Apte lacks information or knowledge sufficient to admit or deny those allegations and therefore denies them.

18. Dr. Apte denies the allegations in Paragraph 18.

19. Dr. Apte lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 19 and therefore denies them.

20. Dr. Apte denies the allegations in Paragraph 20.

21. Dr. Apte denies the allegations in Paragraph 21.

22. Dr. Apte denies the allegations in Paragraph 22.

23. Dr. Apte denies the allegations in Paragraph 23.

24. Dr. Apte denies the allegations in Paragraph 24.

25. Dr. Apte admits that, from time to time, insurance companies requested records from uBiome.  Dr. Apte denies the remaining allegations in Paragraph 25.

26. Dr. Apte denies the allegations in Paragraph 26.

27. Dr. Apte denies the allegations in the first sentence in Paragraph 27.  Dr. Apte lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 27, which are not directed at him and therefore denies them.

28. Dr. Apte denies the allegations in Paragraph 28.

29. Dr. Apte admits that uBiome sold convertible promissory notes in addition to the Series C stock offering.  Paragraph 29 purports to describe the text and terms of those notes, which speak for themselves.  Dr. Apte lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 29 to the extent they are directed at other parties and therefore denies them.  Dr. Apte denies the remaining allegations in Paragraph 29.

30. Dr. Apte admits the allegations in Paragraph 30.

31. Dr. Apte admits that, from time to time, he and Dr. Richman personally met and communicated with prospective investors in connection with the Series C offering, including through participation in some due diligence calls. Dr. Apte denies the remaining allegations in Paragraph 31.

32. Dr. Apte admits that, from time to time, he provided prospective investors with documents in connection with the Series C offering. Dr. Apte denies the remaining allegations in Paragraph 32. Dr. Apte also lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 32 to the extent they are directed at other parties and therefore denies them.

33. Dr. Apte denies the allegations in Paragraph 33.

34. To the extent Paragraph 34 purports to describe the content of various unspecified pitch decks provided to prospective investors, those pitch decks speak for themselves. Dr. Apte denies the remaining allegations in Paragraph 34.

35. Dr. Apte denies the allegations in Paragraph 35.

36. Dr. Apte admits that uBiome clinical tests were ordered by doctors. Dr. Apte denies the remaining allegations in Paragraph 36.

37. Dr. Apte denies the allegations in Paragraph 37.

38. Dr. Apte admits that he sent an email that stated, among other things, that uBiome "billed 15,351 samples in April, with an annualized revenue run rate of $109.2 million," and "16,985 samples in May, with an annualized revenue run rate of $121.2 million." Dr. Apte admits that the email stated uBiome had "3.4x the billable samples and revenue," and that uBiome "recognize[d] revenue of $549 per sample based on what we reasonable expect to collect on the lifetime of a sample." Dr. Apte denies the remaining allegations in Paragraph 38.

39. Dr. Apte admits that he was copied on an email in July 2018 that stated that uBiome had "[r]evenue growth of almost 900% since June 2017" and will achieve "[o]ver $100 million total revenue for 2018." Dr. Apte denies the remaining allegations in Paragraph 39.

40. Dr. Apte denies the allegations in Paragraph 40.

41. Dr. Apte denies the allegations in Paragraph 41 that are directed at him. To the extent Paragraph 41 purports to describe the content of various unspecified pitch decks provided to investors, those pitch decks speak for themselves. Dr. Apte lacks information or knowledge sufficient to admit or

deny the allegations in Paragraph 41 to the extent they are directed at other parties and therefore denies them.

42. Dr. Apte denies the allegations in Paragraph 42 that are directed at him. Dr. Apte lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 42 to the extent they are directed at other parties and therefore denies them.

43. Dr. Apte denies the allegations in Paragraph 43.

44. Dr. Apte admits that by April 2019, uBiome had received some communications from insurers regarding the company's practices, including some requests for repayment. Dr. Apte lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 44 to the extent they are directed at other parties and therefore denies them. Dr. Apte denies the remaining allegations in Paragraph 44.

45. Dr. Apte admits that a search warrant was executed by law enforcement at uBiome's San Francisco office in or about April 2019. Dr. Apte admits that a purported internal investigation followed. Dr. Apte denies the remaining allegations in Paragraph 45.

46. Dr. Apte admits that uBiome filed for bankruptcy protection in or about September 2019 and currently is in the Chapter 7 process. Dr. Apte denies the remaining allegations in Paragraph 46.

## FIRST CLAIM FOR RELIEF

47. Dr. Apte incorporates by reference and restates the response to Paragraphs 1 to 46 as set forth above.

48. Dr. Apte denies the allegations in Paragraph 48.

49. Dr. Apte denies the allegations in Paragraph 49.

## SECOND CLAIM FOR RELIEF

50. Dr. Apte incorporates by reference and restates the response to Paragraphs 1 to 46 as set forth above.

51. Dr. Apte denies the allegations in Paragraph 51.

52. Dr. Apte denies the allegations in Paragraph 52.

## PRAYER FOR RELIEF

The allegations set forth in Plaintiff's "Prayer for Relief" consist of legal conclusions to which no response is required. To the extent that a response is required, Dr. Apte denies any allegations in those paragraphs and that Plaintiff is entitled to the requested relief or any other relief on its claims.

## SEPARATE AND AFFIRMATIVE DEFENSES

Dr. Apte asserts the following separate, additional, and affirmative defenses to Plaintiff's allegations set forth in the Complaint. By setting forth these separate, additional, and affirmative defenses, Dr. Apte does not assume the burden of proving any fact, issue, or element of a claim he would not otherwise bear.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every purported cause of action in it, is barred, in whole or in part, because it fails to state a claim against Dr. Apte upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint, and each and every purported cause of action in it, is barred, in whole or in part, to the extent that it seeks to impose disclosure obligations that are inconsistent with, or in excess of, those imposed by the federal securities laws and the rules and regulations promulgated thereunder by the Securities and Exchange Commission.

## THIRD AFFIRMATIVE DEFENSE

The Complaint, and each and every purported cause of action in it, is barred, in whole or in part, because there was no duty, under federal securities laws or otherwise, to disclose the information that the Complaint alleges was omitted or misstated.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each and every purported cause of action in it, is barred, in whole or in part, because Dr. Apte did not know, and could not have known with the exercise of reasonable care, the untruth of any alleged misrepresentation or the fact of any alleged material omission. Any alleged conduct in this case by Dr. Apte was without intent to deceive or scienter.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each and every purported cause of action in it, is barred, in whole or in part, because at all relevant times, Dr. Apte acted in good faith and with good cause and relied in good faith on the advice, professional judgment and opinions of others as to matters he reasonably believed to be within such persons' professional or expert competence.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action in it, is barred, in whole or in part, because all alleged misstatements were made in good faith, in the belief that such statements were accurate, there was no misstatement of a material fact or omission of a material fact required to be disclosed or necessary to make any such statements not misleading, and such statements were proper in all respects.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action in it, is barred, in whole or in part, because all material information alleged to have been omitted was in fact disclosed or otherwise known to investors, insurers, doctors, or others.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action in it, is barred, in whole or in part, because none of the alleged misrepresentations (by way of alleged misstatement or omission) or conduct was deceptive or manipulative in view of, inter alia, the totality of information available to investors, insurers, doctors, or others.

### NINTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action in it, is barred, in whole or in part, to the extent that any alleged misstatements constitute expressions of honest opinion, corporate optimism, or forward-looking statements.

### TENTH AFFIRMATIVE DEFENSE

The Complaint's prayer for injunctive relief is barred because there is no reasonable likelihood that any alleged violation will be repeated, and thus injunctive relief would be punitive in nature.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint's prayer for penalties is barred because any alleged violation was isolated and/or unintentional.  Any such relief would therefore be punitive in nature.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action in it, should be limited or barred due to any spoliation of evidence that is relevant to proving or disproving the matters alleged.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action in it, is barred to the extent that any cause of action has not been brought within the applicable statute of limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action in it, if permitted to proceed, would deprive Dr. Apte of his rights to substantive and procedural due process of law under the United States Constitution.  The Complaint fails to state and identify with sufficient particularity the circumstances and communications related to Dr. Apte allegedly constituting fraud and misrepresentation.

### FIFTEENTH AFFIRMATIVE DEFENSE

Dr. Apte reserves the right to raise any additional defenses and third-party claims not asserted herein of which he may become aware through discovery or other investigation.

### JURY TRIAL DEMANDED

Dr. Apte hereby demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, having stated his answer and affirmative defenses, Dr. Apte prays for relief as follows:

1. That Plaintiff takes nothing under the Complaint, and the Complaint be dismissed with prejudice;
2. That judgment in favor of Dr. Apte and against Plaintiff on each and every cause of action set forth in the Complaint;
3. That Dr. Apte recover his cost of suit and attorney's fees incurred herein; and
4. That Dr. Apte be granted any other and further relief as the Court deems just and proper under the circumstances.

DATED:   November 17, 2021

Respectfully submitted,

By:    /s/ W. Douglas Sprague
W. Douglas Sprague (Cal. Bar No. 202121)
David Grady Jung (Cal. Bar No. 314508)
Raina Bhatt (Cal. Bar No. 319435)

*Attorneys for Defendant Zachary Apte*
**COVINGTON & BURLING LLP**
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA  94105-2533
Telephone: (415) 591-6000
Facsimile:  (415) 591-6091
*dsprague@cov.com*
*gjung@cov.com*
*rbhatt@cov.com*

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ZACHARY APTE TO PLAINTIFF'S COMPLAINT