| | |
|---|---|
| 1 | MONIQUE C. WINKLER (Cal. Bar No. 213031) |
| | BERNARD B. SMYTH (Cal. Bar No. 217741) |
| 2 | THOMAS J. EME (Ill. Bar No. 6224870) |
| | DAVID ZHOU (NY Bar No. 4926523) |
| 3 | **SECURITIES AND EXCHANGE COMMISSION** |
| | 44 Montgomery Street, Suite 2800 |
| 4 | San Francisco, CA 94104 |
| | *Attorneys for Plaintiff* |
| 5 | |
| | W. DOUGLAS SPRAGUE (Cal. Bar No. 202121) |
| 6 | DAVID GRADY JUNG (Cal. Bar No. 314508) |
| | RAINA BHATT (Cal. Bar No. 319435) |
| 7 | **COVINGTON & BURLING LLP** |
| | Salesforce Tower |
| 8 | 415 Mission Street, Suite 5400 |
| | San Francisco, CA 94105-2533 |
| 9 | *Attorneys for Defendant Zachary Apte* |
| 10 | JOEL M. HAMMERMAN (Pro Hac Vice) |
| | JOSHUA P. MAHONEY (Pro Hac Vice) |
| 11 | SOPHIE H. GOTLIEB (Pro Hac Vice) |
| | TARIFA LADDON (Cal. Bar No. 240419) |
| 12 | **FAEGRE DRINKER BIDDLE & REATH, LLP** |
| | 1800 Century Park East, Suite 1500 |
| 13 | Los Angeles, California 90067 |
| | *Attorneys for Defendant Jessica Richman* |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 21-cv-01911-CRB |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
| v. | Date: TBD |
| JESSICA RICHMAN and ZACHARY APTE, | Time: TBD |
| Defendants. | Courtroom: 6 |
| | Judge: Charles R. Breyer |

Pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California, Plaintiff Securities and Exchange Commission ("SEC") and Defendants Jessica Richman and Zachary Apte ("Defendants"), jointly submit this initial Joint Case Management Statement.

**1.     Jurisdiction and Service**

This Court has jurisdiction over the SEC's claims, all brought under the federal securities laws, pursuant to Sections 20(b), 20(d) and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77t(b), 77t(d) and 77v(a), and Sections 21(d), 21(e) and 27 of the Securities Exchange Act ("Exchange Act"), 15 U.S.C. §§ 78u(d), 78u(e) and 78aa.  No issues have been raised regarding personal jurisdiction or venue.  Defendants were served with the Complaint and filed a motion to dismiss (ECF 38), which the Court denied (ECF 54).  Defendants then answered the Complaint. (ECF 55-56).

**2.     Factual Summary**

*The SEC's Description of the Case*

The following is the SEC's summary of the allegations in its complaint.  The SEC alleges that Defendants engaged in the fraudulent offer and sale of securities issued by the company they founded, uBiome, Inc. ("uBiome").  The SEC alleges Richman served as the Chief Executive Officer and President of uBiome, and was a member of uBiome's Board of Directors.  The SEC further alleges that Apte served as Chief Scientific Officer of uBiome and was a member of uBiome's Board of Directors.

The SEC alleges that during 2018, Defendants fraudulently raised approximately $60 million for uBiome in a "Series C" fundraising round led by Defendants that valued uBiome at nearly $600 million, and enriched Defendants by millions each through the sale of their own uBiome shares during the round.

In connection with the "Series C" fundraising, the SEC alleges that Defendants painted a false picture of uBiome as a rapidly growing company with a strong track record of reliable revenue through health insurance reimbursements for its tests.  The SEC alleges that Defendants also made numerous misrepresentations that were designed to assure investors that the company's business model and its tests were widely accepted by health insurance companies and to downplay any risks to the company's revenue.

The SEC alleges that uBiome's purported success in generating revenue, however, was a sham.  The SEC alleges this success depended on duping doctors into ordering unnecessary tests and

other improper practices that Defendants directed and which, once discovered, led insurers to claw back their previous reimbursement payments to uBiome.  The SEC alleges that although uBiome employees raised concerns regarding the company's practices, Defendants nevertheless forged ahead and failed to stop these practices.  The SEC alleges that Defendants also failed to disclose those practices to investors.  Moreover, the SEC alleges that Defendants acted to conceal the improper practices from uBiome's general counsel, uBiome's board, and insurers, including directing uBiome employees to provide insurers with backdated and misleading medical records to substantiate the company's prior claims for reimbursement.

### *Defendants' Description of the Case*

Consistent with their Answers, Defendants deny the SEC's factual allegations.  (ECF 55-56).

**3.     Legal Issues**

The SEC alleges that Defendants directly or indirectly violated Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.  Defendants deny the SEC's allegations and have raised affirmative defenses to the SEC's claims.  *See* (ECF 55-56).

**4.     Motions**

On June 10, 2021, the SEC filed a Motion to Serve Defendants by Alternative Means (ECF 13).  The Court granted the SEC's motion on July 19, 2021 (ECF 23).  On August 30, 2021, Defendants filed a Motion to Dismiss the SEC's Complaint (ECF 38).  The Court denied Defendants' Motion to Dismiss on November 3, 2021 (ECF 54).  On September 13, 2021, Defendants filed a Motion to Quash Non-Party Subpoenas *Duces Tecum* and for a Protective Order (ECF 42).  The Court subsequently referred this Motion and all discovery matters to Magistrate Judge Beeler (ECF 43).  In a September 17, 2021, Notice and Order Regarding Discovery Procedures, Magistrate Judge Beeler denied without prejudice the Defendants' Motion to Quash Non-Party Subpoenas *Duces Tecum* and for a Protective Order, directing the parties to present the dispute set forth in the Defendants' motion consistent with Magistrate Judge Beeler's Standing Order.  (ECF 44).  The parties submitted a joint letter brief on October 13, 2021, (ECF 51) and Judge Beeler denied the

motion to quash on October 25, 2021 (ECF 52).  Defendants filed Answers to the Complaint, each with a jury trial demand, on November 17, 2021.  (ECF 55-56).

**5.    Amendment of Pleadings**

The parties do not expect to seek to add or dismiss parties.

**6.    Evidence Preservation**

The parties have reviewed the NDCA Guidelines Relating to Electronically Stored Information and have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably relevant in this action.  The SEC has taken measures to preserve all documents it obtained during the investigation preceding the filing of this case.  In addition, the SEC has instituted its procedures for preserving other records that could be requested, even if they are not likely to become evidence in this case.

Defendants have also taken measures to preserve personally retained documents.

**7.    Disclosures**

The SEC made its initial disclosures on October 7, 2021.  The defendants made their initial disclosures on October 15, 2021.  The parties have subsequently discussed those disclosures.

**8.    Discovery**

Following the parties' Rule 26(f) Conference, the SEC served four subpoenas pursuant to Federal Rule of Civil Procedure 45 on certain banks and a brokerage firm seeking documents.  The parties met and conferred with respect to those subpoenas.  As a result, the SEC agreed to withdraw one of its subpoenas and to discard any materials obtained in response thereto.  As noted above, Defendants filed a motion to quash those subpoenas and for a protective order (ECF 42), which was denied by Magistrate Judge Beeler (ECF 52).

On October 12, 2021, the SEC provided Defendants with certain financial records.  No other discovery has been served to date.

The parties agree that the presumptive limitation of 10 depositions should be modified to allow for 20 depositions for the SEC and 15 depositions per Defendant. The parties reserve the right under the rules to request further depositions should the needs of the case so warrant.

The parties agree that the presumptive limit of 25 interrogatories should be modified to allow for 25 interrogatories for the SEC, and 15 interrogatories per Defendant. The parties reserve the right under the rules to request further interrogatories should the needs of the case so warrant.

**9.     Class Actions**

Not applicable.

**10.    Related Cases**

On May 10, 2021, the Court issued a Related Case Order (ECF 11), finding this action related to *United States v. Apte, et al.*, Case No. 21-cr-0116-CRB. On June 1, 2021, the Court issued a Related Case Order in *United States v. Apte, et al.*, Case No. 21-cr-0116-CRB (ECF 14), finding that case related to *United States v. Two Condominiums located at 465 Ocean Drive, Units 315 and 316, Miami Beach, Florida 33139*, Case No. 3:21-cv-04060-CRB, a civil forfeiture action.

On September 4, 2019, uBiome filed a voluntary Chapter 11 bankruptcy petition in United States Bankruptcy Court for the District of Delaware, Case No. 19-11938-LSS. On October 11, 2019, the Bankruptcy Court entered an order converting the case to a Chapter 7 bankruptcy. The bankruptcy proceedings are ongoing. On September 2, 2021, the Debtor filed an adversary proceeding in United States Bankruptcy Court for the District of Delaware, Case No. 21-51032-LSS against Jessica Richman. On September 4, 2021, the Debtor amended its complaint, adding an additional defendant, Zachary Apte. The amended adversary complaint has not been served on the defendants.

**11.    Relief**

The SEC seeks the following relief in this action:

- Permanent injunctions against each of the Defendants, prohibiting each of them from directly or indirectly violating Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder.
- An order permanently enjoining Defendants from directly or indirectly, including, but not limited to, through any entity owned or controlled by either Defendant, participating in the issuance, purchase, offer, or sale of any security; provided,

however, that such injunction shall not prevent Defendants from purchasing or selling securities for his or her own personal account.

- Orders requiring each of the Defendants to disgorge, with prejudgment interest, all ill-gotten gains, together with prejudgment interest thereon.
- Orders requiring each of the Defendants to pay civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)(3)].
- An order prohibiting Defendants from serving as an officer or director of a publicly traded company, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)].

**12.  Settlement and ADR**

The parties propose as the ADR plan for this case a settlement conference before a Magistrate Judge.  The parties believe that ADR efforts will be most efficiently pursued following the conclusion of discovery.

**13.  Consent to a Magistrate Judge for All Purposes**

The parties have not consented to a Magistrate Judge for all purposes.

**14.  Other Reference**

No other reference appears suitable at this time.

**15.  Narrowing of Issues**

The parties are not aware at this time of any issues that would be appropriate for narrowing by agreement or motion.  The parties do not currently have any requests to bifurcate issues, claims, or defenses.

**16.  Expedited Trial Procedure**

The parties agree that this case should not be handled under the Expedited Trial Procedures.

**17.  Scheduling**

The parties respectfully propose the following schedule:

| Event | Date or Deadline |
|---|---|
| Fact Discovery Cutoff | June 16, 2023 |
| Initial Expert Reports and Disclosures | August 18, 2023 |
| Rebuttal Expert Reports | October 13, 2023 |
| Expert Discovery Cutoff | November 17, 2023 |
| Last Day to Hear Dispositive Motions | January 12, 2024 |
| Pretrial Conference | March 15, 2024 |
| Trial | April 16, 2024, or as soon thereafter as the Court's schedule allows |

**18.     Trial**

As mentioned above, Defendants have filed jury demands. (ECF 55-56). The SEC estimates a trial would take approximately 15-20 court days. Defendants estimate a trial would take approximately 20-25 court days. Defendants reserve the right to revise this estimate should the needs of the case so warrant.

**19.     Disclosure of Non-party Interested Entities or Persons**

Under Local Civil Rule 3-15(a), the SEC is not required to file a certification. Defendants have not yet filed a Certification of Interested Entities or Persons pursuant to Local Civil Rule 3-15(a).

**20.     Professional Conduct**

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.


Dated: June 14, 2022                    Respectfully submitted,


                                        By: */s/ Bernard B. Smyth*
                                        Bernard B. Smyth
                                        Thomas J. Eme
                                        David Zhou
                                        *Attorneys for Plaintiff*
                                        **SECURITIES AND EXCHANGE COMMISSION**

Case 3:21-cv-01911-CRB   Document 58   Filed 06/14/22   Page 8 of 8

| | | |
|---|---|---|
| Dated: June 14, 2022 | | By: */s/ W. Douglas Sprague* |

W. Douglas Sprague
David Grady Jung
Raina Bhatt
*Attorneys for Defendant Zachary Apte*
**COVINGTON & BURLING LLP**

Dated: June 14, 2022                                By: */s/ Joel M. Hammerman*
Joel M. Hammerman
Joshua Mahoney
Sophie H. Gotlieb
Tarifa B. Laddon
*Attorney for Defendant Jessica Richman*
**FAEGRE DRINKER BIDDLE & REATH, LLP**

### FILER'S ATTESTATION

Pursuant to Civil L.R. 5-1(h)(3), W. Douglas Sprague hereby attests that concurrence in the filing of this document has been obtained from each of the above signatories.

Dated:   June 14, 2022                                By: */s/ W. Douglas Sprague*

### CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated:                                                         _____
                                                                  Hon. Charles R. Breyer

JOINT CMC STATEMENT                        8                        SEC V. RICHMAN, ET AL.
CASE NO. 21-CV-01911-CRB