W. DOUGLAS SPRAGUE (SBN 202121)
dsprague@cov.com
DAVID GRADY JUNG (SBN 314508)
gjung@cov.com
RAINA BHATT (SBN 319435)
rbhatt@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
*Attorneys for Defendant Zachary Apte*

JOEL M. HAMMERMAN (*Pro Hac Vice*)
joel.hammerman@faegredrinker.com
JOSHUA P. MAHONEY (*Pro Hac Vice*)
josh.mahoney@faegredrinker.com
SOPHIE H. GOTLIEB (*Pro Hac Vice*)
sophie.gotlieb@faegredrinker.com
TARIFA LADDON (SBN 240419)
tarifa.laddon@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH, LLP
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285
*Attorneys for Defendant Jessica Richman*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>        v.<br><br>JESSICA RICHMAN and ZACHARY APTE,<br><br>                              Defendants. | Case No.:  21-CV-01911-CRB<br><br>**JOINT STATUS REPORT AND UNOPPOSED MOTION TO EXTEND STAY FOR LIMITED PERIOD**<br><br>The Honorable Charles R. Breyer<br>Courtroom 6, 17th Floor |

<u>JOINT STATUS REPORT AND UNOPPOSED MOTION</u>
<u>TO EXTEND STAY FOR LIMITED PERIOD</u>

## I.      INTRODUCTION

Pursuant to this Court's January 5, 2023 Order, Plaintiff, Securities and Exchange Commission ("Commission"), and Defendants, Dr. Jessica Richman and Dr. Zachary Apte ("Defendants" and with the Commission, the "Parties"), jointly submit this status report, and Defendants further move for an extension of the limited stay of this action—a request the Commission does not oppose.

As set forth in prior pleadings, this action is related to a parallel criminal prosecution, both of which rely on the same underlying factual allegations.  Discovery in this case would therefore directly implicate Defendants' Fifth Amendment rights.  Accordingly, on December 23, 2022, Defendants filed a motion to stay this action for a limited 180-day period.  Dkt. 59.  The Commission did not oppose the Defendants' request.  The Court granted the Motion on January 5, 2023, staying this case for 180 days and further directing the parties to file a status report not later than 150 days from the date of the Court's Order.  Dkt. 60.  The Court's Order further stated that "[s]hould any party wish to move to extend the stay, such party may move to do so at that time."  *Id.*  Consistent with that directive, the Parties submit the following status report, and Defendants seek an extension of the existing stay.

## II.     PROCEDURAL BACKGROUND

The Commission initiated this case against Defendants on March 18, 2021.  Dkt. 1.  Since then, the parties have engaged in motions practice regarding the sufficiency of the complaint, made initial disclosures, and filed joint case management statements.  Dkts. 49, 58.  The Commission has also served interrogatories upon Defendants.

On the same day the Commission filed this case against Defendants, the Department of Justice filed an Indictment that had been returned against Defendants. *See,* Indictment, *United States v. Richman, et al.* No. 21-cr-01911-CRB, Dkt. 2.  This Court issued an order finding the cases related and reassigned this action.  *See* Dkt. 11-12.

## III.    THE PARTIES' JOINT STATUS REPORT

The bases pursuant to which Defendants requested and the Court granted the stay remain.  As a result, Defendants advised the Commission that Defendants intend to seek an additional 180-day

1    extension of the stay.  The Parties have met and conferred regarding these matters and the Commission

2    does not oppose that request for an additional limited stay.

3    **IV.     DEFENDANTS' UNOPPOSED MOTION TO EXTEND THE STAY**

4             The Court's power to grant a temporary stay "is incidental to the power inherent in every court to

5    control the disposition of the cases on its docket with economy of time and effort for itself, for counsel,

6    and for litigants."  *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).  The authority to stay civil

7    proceedings during the pendency of a criminal prosecution is well-established.  *Keating v. Office of*

8    *Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) ("[A] court may decide in its discretion to stay civil

9    proceedings . . . when the interests of justice seem to require such action.") (quoting *SEC v. Dresser*

10   *Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir.)).

11            In determining whether to stay civil proceedings in the face of parallel criminal proceedings, a

12   court must consider "the particular circumstances and competing interests involved in the case."  *Id.*

13   This "obviously" includes "the extent to which the defendant's fifth amendment rights are implicated."

14   *Federal Sav. & Loans Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989).  Other factors include

15
16                 (1) the interest of the plaintiffs in proceeding expeditiously with this
                   litigation or any particular aspect of it, and the potential prejudice to
17                 plaintiffs of a delay; (2) the burden which any particular aspect of the
                   proceedings may impose on defendants; (3) the convenience of the court in
18                 the management of its cases, and the efficient use of judicial resources; (4)
                   the interests of persons not parties to the civil litigation; and (5) the interest
19                 of the public in the pending civil and criminal litigation.

20   *Id.* at 903.  In light of these factors, Defendants submit that economy is best served by granting the

21   requested six-month extended stay.

22            Defendants' Fifth Amendment rights strongly favor a stay in this matter.  As noted above, the

23   Commission has initiated discovery by serving interrogatories upon Defendants.  Should discovery

24   proceed, there is a serious risk of "undermin[ing] [Defendants'] Fifth Amendment privilege[s]" by

25   forcing Defendants to choose between fully defending themselves in civil enforcement case brought by

26   the Commission or invoking the Fifth Amendment.  *Dresser*, 628 F.2d at 1375–76.  This is because the

27   underlying factual allegations in the criminal prosecution mirror the factual allegations made by the

28   Commission in its Complaint.  *Compare* Indictment, *United States v. Richman, et al.*, No. 21-cr-01911-

1    CRB, Dkt. 2 *with* Complaint, Dkt. 1.  Should discovery proceed in this action, it would "expose the basis

2    of the defense to the prosecution in advance of criminal trial."  *Dresser*, 628 F.2d at 1376.

3           The next two factors, the Commission's interest in proceeding expeditiously and whether the

4    stay imposes a burden on Defendants, also weigh in favor of extending the limited stay.  The

5    Commission does not oppose this request for a limited extension of the stay, and any possible prejudice

6    to the Commission is minimized by the limited nature of the stay.  As Defendants seek the stay, the

7    burden on Defendants is minimal in light of the current procedural postures of these two related matters.

8    Indeed, extending the stay would benefit Defendants by not forcing them to choose between fully

9    defending themselves in a civil enforcement case or invoking constitutional protections in light of the

10   pending parallel criminal case.

11          Finally, the convenience of the Court and interests of nonparties and the public are not adversely

12   impacted by a limited stay.  The limited nature of the requested extension further minimizes the impact

13   on the Court's schedule by, for example, minimizing the need to litigate constitutional issues implicated

14   by parallel civil and criminal proceedings based on the same or substantially similar allegations.

15   Moreover, DOJ, a nonparty to this action, has advocated to stay parallel civil proceedings when pursuing

16   a criminal prosecution addressing the same subject matter.  *See, e.g.*, *SEC v. Reyes*, No. 06-cv-04435-

17   CRB, Dkt. 13 (N.D. Cal. Oct. 4, 2006) (DOJ moved to intervene in and seek stay of SEC's civil

18   enforcement action in light of ongoing parallel criminal case).  Unlike the stay request in *Reyes*,

19   Defendants bring this motion to request a limited, six-month extension of the stay, which would again be

20   revisited toward the end of that period.

21          Under these circumstances, the requested stay is in the interest of Defendants, the Commission,

22   and is not contrary to the interests of the Court, nonparties, or the public.

23   **V.     CONCLUSION**

24          For the foregoing reasons, Defendants ask the Court to stay this action for an additional 180

25   days.

26

27

28

                                                      3

DATED:  June 2, 2023

Respectfully submitted,

By:  */s/ W. Douglas Sprague*
W. DOUGLAS SPRAGUE (SBN 202121)
dsprague@cov.com
DAVID GRADY JUNG (SBN 314508)
gjung@cov.com
RAINA BHATT (SBN 319435)
rbhatt@cov.com
**COVINGTON & BURLING LLP**
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
*Attorneys for Defendant Zachary Apte*

By:  */s/ Joel M. Hammerman*
JOEL M. HAMMERMAN (Pro Hac Vice)
joel.hammerman@faegredrinker.com
JOSHUA P. MAHONEY (Pro Hac Vice)
josh.mahoney@faegredrinker.com
SOPHIE H. GOTLIEB (Pro Hac Vice)
sophie.gotlieb@faegredrinker.com
TARIFA LADDON (SBN 240419)
tarifa.laddon@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH, LLP**
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285
*Attorneys for Defendant Jessica Richman*

JOINT STATUS REPORT AND UNOPPOSED MOTION TO EXTEND STAY FOR LIMITED PERIOD
21-CV-01911-CRB