W. DOUGLAS SPRAGUE (Cal. Bar No. 202121)
RAINA BHATT (Cal. Bar No. 319435)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
*Attorneys for Defendant Zachary Apte*

JOEL M. HAMMERMAN (*Pro Hac Vice*)
JOSHUA P. MAHONEY (*Pro Hac Vice*)
SOPHIE H. GOTLIEB (*Pro Hac Vice*)
TARIFA LADDON (Cal. Bar No. 240419)
FAEGRE DRINKER BIDDLE & REATH, LLP
1800 Century Park East, Suite 1500
Los Angeles, California 90067
*Attorneys for Defendant Jessica Richman*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JESSICA RICHMAN and ZACHARY APTE,<br><br>Defendants. | Case No. 21-CV-01911-CRB<br><br>**JOINT STATUS REPORT AND UNOPPOSED MOTION TO EXTEND STAY FOR LIMITED PERIOD**<br><br>The Honorable Charles R. Breyer<br>Courtroom 6, 17th Floor |

**JOINT STATUS REPORT AND UNOPPOSED MOTION TO EXTEND STAY FOR LIMITED PERIOD**
21-CV-01911-CRB

JOINT STATUS REPORT AND UNOPPOSED MOTION
TO EXTEND STAY FOR LIMITED PERIOD

## I. INTRODUCTION

Pursuant to this Court's June 6, 2023 Order, Plaintiff, Securities and Exchange Commission ("Commission"), and Defendants, Dr. Jessica Richman and Dr. Zachary Apte ("Defendants" and with the Commission, the "Parties"), jointly submit this status report, and Defendants further move for an extension of the stay of this action—a request the Commission does not oppose.

As set forth in prior pleadings, this action is related to a parallel criminal prosecution, both of which rely on the same underlying factual allegations. Discovery in this case would therefore directly implicate Defendants' Fifth Amendment rights. Accordingly, on December 23, 2022, Defendants filed a motion to stay this action for a limited 180-day period. Dkt. 59. The Commission did not oppose the Defendants' request. The Court granted the motion on January 5, 2023, staying this case for 180 days and further directing the parties to file a status report not later than 150 days from the date of the Court's Order. Dkt. 60. On June 2, 2023, the Parties submitted a joint status report, noting that "[t]he bases pursuant to which Defendants requested and the Court granted the stay remain." Dkt. 61. Defendants filed a motion to extend the stay for an additional 180-day period. *Id.* Again, the Commission did not oppose the Defendants' request. The Court granted the motion on June 6, 2023, staying the case for 180 days and directing the parties to file a status report by December 1, 2023. Dkt. 62. The Court's Order further stated that "[s]hould any party wish to move to extend the stay, such party may move to do so at that time." *Id.* Consistent with that directive, the Parties submit the following status report, and Defendants seek an extension of the existing stay.

## II. PROCEDURAL BACKGROUND

The Commission initiated this case against Defendants on March 18, 2021. Dkt. 1. Since then, the parties have engaged in motions practice regarding the sufficiency of the

1

**JOINT STATUS REPORT AND UNOPPOSED MOTION TO EXTEND STAY FOR LIMITED PERIOD**
21-CV-01911-CRB

complaint, made initial disclosures, and filed joint case management statements.  Dkts. 49, 58.  The Commission has also served interrogatories upon Defendants.

On the same day the Commission filed this case against Defendants, the Department of Justice filed an Indictment that had been returned against Defendants. *See,* Indictment, *United States v. Richman, et al.*, No. 21-cr-00116-CRB, Dkt. 1.  This Court issued an order finding the cases related and reassigned this action.  *See* Dkt. 11 ("ORDER RELATING CASE. The following cases are related: CR21-0116 CRB and CV21-1911 YGR."); Dkt. 12 (Reassigning case).

## III.  THE PARTIES' JOINT STATUS REPORT

The bases pursuant to which Defendants requested and the Court granted the stay remain.  As a result, Defendants advised the Commission that Defendants intend to seek an additional 180-day extension of the stay.  The Parties have met and conferred regarding these matters and the Commission does not oppose that request for an additional limited stay.

The Commission, however, seeks a limited modification of the Court's prior stay as follows:

> Effective upon the date of the expiration of the previously-ordered stay, the stay shall not preclude any party from taking steps necessary to obtain authorization from or through international authorities to seek discovery of documents or information outside the United States, including but not limited to depositions in foreign countries. However, no party shall issue or serve any such authorized discovery during the pendency of the stay, and no party or non-party shall be required to respond to any such authorized discovery during the pendency of the stay.  Any party who takes steps to obtain such authorization to seek such discovery must comply with all applicable rules, regulations, and laws governing those processes, including but not limited to any applicable rules, regulations, or laws regarding notice.  No party waives any right to challenge or object to any other party seeking such authorization.

Defendants do not oppose this limited modification of the prior stay.

## IV.  DEFENDANTS' UNOPPOSED MOTION TO EXTEND THE STAY

The Court's power to grant a temporary stay "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).  The

authority to stay civil proceedings during the pendency of a criminal prosecution is well-established. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem to require such action.") (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir.)).

In determining whether to stay civil proceedings in the face of parallel criminal proceedings, a court must consider "the particular circumstances and competing interests involved in the case." *Id.* This "obviously" includes "the extent to which the defendant's fifth amendment rights are implicated." *Federal Sav. & Loans Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). Other factors include

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 903. In light of these factors, Defendants submit that economy is best served by granting the requested additional six-month stay.

As noted in the previous motions, Defendants' Fifth Amendment rights strongly favor a stay in this matter. The Commission has initiated discovery by serving interrogatories upon Defendants. Should discovery proceed, there is a serious risk of "undermin[ing] [Defendants'] Fifth Amendment privilege[s]" by forcing Defendants to choose between fully defending themselves in civil enforcement case brought by the Commission or invoking the Fifth Amendment. *Dresser*, 628 F.2d at 1375–76. This is because the underlying factual allegations in the criminal prosecution mirror the factual allegations made by the Commission in its Complaint. *Compare* Indictment, *United States v. Richman, et al.*, No. 21-cr-00116-CRB, Dkt. 1

*with* Complaint, Dkt. 1.  Should discovery proceed in this action, it would "expose the basis of the defense to the prosecution in advance of criminal trial." *Dresser*, 628 F.2d at 1376.

The next two factors, the Plaintiffs' interest in proceeding expeditiously and whether the stay imposes a burden on Defendants, also weigh in favor of granting a limited stay.  The Commission does not oppose this request for a stay, and any possible prejudice to the Commission is minimized by the limited nature of the stay.  As Defendants seek the stay, the burden on Defendants is minimal in light of the current procedural postures of these two related matters.  Indeed, the stay would benefit Defendants by not forcing them to choose between fully defending themselves in a civil enforcement case or invoking constitutional protections in light of the pending parallel criminal case.

Finally, the convenience of the Court and interests of nonparties and the public are not adversely impacted by an additional limited stay.  The parties anticipate that this limited stay will allow time for the course of the related criminal proceedings to become clearer, thus clarifying whether the stay should be lifted or extended.  The limited nature of the stay, too, minimizes the impact on the Court's schedule by, for example, minimizing the need to litigate constitutional issues implicated by parallel civil and criminal proceedings based on the same, or substantially similar, allegations.  Moreover, DOJ, a nonparty to this action, has advocated to stay parallel civil proceedings when pursuing a criminal prosecution addressing the same subject matter.  *See, e.g.*, *SEC v. Reyes*, No. 06-cv-04435-CRB, Dkt. 13 (N.D. Cal. Oct. 4, 2006) (DOJ moved to intervene in and seek stay of SEC's civil enforcement action in light of ongoing parallel criminal case).  Unlike the stay request in *Reyes*, Defendants bring this motion to request an additional limited, six-month stay to be revisited toward the end of that period.

Under these circumstances, the requested stay is in the interest of Defendants, the Commission, and is not contrary to the interests of the Court, nonparties, or the public.

## V. CONCLUSION

For the foregoing reasons, Defendants ask the Court to stay this action for an additional 180 days.

DATED: December 1, 2023                                      Respectfully submitted,

By:   */s/ W. Douglas Sprague*
W. DOUGLAS SPRAGUE (Cal. Bar No. 202121)
RAINA BHATT (Cal. Bar No. 319435)

**COVINGTON & BURLING LLP**
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
*dsprague@cov.com*
*rbhatt@cov.com*


By:   */s/ Joel M. Hammerman*
JOEL M. HAMMERMAN (*Pro Hac Vice*)
JOSHUA MAHONEY (*Pro Hac Vice*)
SOPHIE H. GOTLIEB (*Pro Hac Vice*)
TARIFA LADDON (Cal. Bar No. 240419)
**FAEGRE DRINKER BIDDLE & REATH, LLP**
1800 Century Park East, Ste. 1500
Los Angeles, California 90067
Telephone: (310) 500-2166
Facsimile: (310) 229-1285
*joel.hammerman@faegredrinker.com*
*josh.mahoney@faegredrinker.com*
*sophie.gotlieb@faegredrinker.com*
*tarifa.laddon@faegredrinker.com*

5
**JOINT STATUS REPORT AND UNOPPOSED MOTION TO EXTEND STAY FOR LIMITED PERIOD**
21-CV-01911-CRB